Peter D. Raymond
Geoffrey G. Young
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax (212) 521-5450
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KGK JEWELRY LLC,<br><br>                    Plaintiff,<br><br>         v.<br><br>ESDNETWORK and STEVE YEKO,<br><br>                    Defendants. | No. 11 CIV 9236 (LTS)(RLE)<br><br>ECF Case |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO QUASH**
**DEFENDANTS' NON-PARTY SUBPOENAS AND FOR SANCTIONS**

**REED SMITH LLP**
599 Lexington Avenue
New York, New York 10022
(212) 521-5400

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ..............................................................................................................4

    A.    This Action...............................................................................................................4

    B.    The Subpoenas and the Interested Parties..............................................................6

ARGUMENT...................................................................................................................................9

  I. THE SUBPOENAS MUST BE QUASHED...................................................................9

    A.    The Subpoenas Seek Information Irrelevant to This Action
and Create an Undue Burden Upon Non-Parties ...................................................9

    B.    The Subpoenas Improperly Seek the Production of
Highly Confidential Information from Non-Parties .............................................12

  II. PLAINTIFF'S MOTION FOR SANCTIONS SHOULD BE GRANTED........................13

CONCLUSION..............................................................................................................................17

## **TABLE OF AUTHORITIES**

**Cases** **Page**

*Apex Oil Co. v. Belcher Co. of New York, Inc.*,
  855 F.2d 1009 (2d Cir. 1988) .................................................................................................. 14

*Concord Boat Corp. v. Brunswick Corp.*,
  169 F.R.D. 44 (S.D.N.Y. 1996) ........................................................................................... 9, 10

*Grigsby & Associates, Inc. v. Rice Derivative Holdings, L.P.*,
  No. 00 CIV. 5056, 2001 WL 1135620 (S.D.N.Y. Sept. 26, 2001) .......................................... 12

*In re Blackstone Partners, L.P.*,
  No. 04 Civ. 7757, 2005 WL 1560505 (S.D.N.Y. July 1, 2005) .............................................. 10

*In re 60 East 80th Street Equities, Inc.*,
  218 F.3d 109 (2d Cir. 2000) .................................................................................................... 14

*Kenney, Becker LLP v. Kenney*,
  No. 06 Civ. 2975, 2008 WL 681452 (S.D.N.Y. Mar. 10, 2008) ............................................. 15

*Molefi v. Oppenheimer Trust*,
  No. 03 Civ. 5631, 2007 WL 538547 (E.D.N.Y. Feb. 15, 2007) .............................................. 14

*Night Hawk Limited v. Briarpatch Limited, L.P.*,
  No. 03 civ. 1382, 2003 WL 23018833 (S.D.N.Y. Dec. 23, 2003) ....................................... 9, 16

*Salvatore Studios Int'l v. Mako's Inc.*,
  No. 01 Civ. 4430, 2001 WL 913945 (S.D.N.Y. Aug. 14, 2001) ............................................. 10

*Solow v. Conseco, Inc.*,
  No. 06 Civ. 5988, 2008 WL 190340 (S.D.N.Y. Jan. 18, 2008) ............................................... 13

*Theofel v. Farey-Jones*,
  359 F.3d 1066 (9th Cir. 2004) ................................................................................................... 1

*U.S. v. IBM*,
  83 F.R.D. 97 (S.D.N.Y. 1979) ................................................................................................... 9

**Statutes**

28 U.S.C. § 1927 ................................................................................................................. 1, 3, 14

**Rules**

Fed. R. Civ. P. 45 ............................................................................................................... *passim*

**PRELIMINARY STATEMENT**

Plaintiff KGK Jewelry LLC ("KGK N.Y." or "Plaintiff"), by its counsel Reed Smith LLP, submits this memorandum of law and accompanying Declaration of Peter Raymond, dated April 15, 2013 ("Raymond Decl."), with exhibits annexed thereto, and Declaration of Mahipal Singhvi, dated April 15, 2013 ("Singhvi Decl."), in support of its motion to quash four non-party subpoenas ("Subpoenas") issued by defendants Electronic Sales Dealer Network, Inc. ("ESDN") and Steve Yeko ("Yeko") (together, "Defendants")[1] and for sanctions pursuant to Rule 45(c)(1), 28 U.S.C. § 1927 and the Court's inherent power, for the recovery of KGK N.Y.'s attorneys' fees and costs for this matter, including the preparation of this motion, and such other relief as may be just and proper.

This matter presents a clear violation of the subpoena power entrusted to private parties and counsel under Rule 45 of the Federal Rules of Civil Procedure. As the Ninth Circuit Court of Appeals has aptly stated, "The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1074 (9th Cir. 2004). In derogation of this basic principle and not unnecessarily burdening non-parties, ESDN has issued subpoenas *duces tecum* to four non-parties – Sterling Jewelers Inc. d/b/a Kay Jewelers ("Kay"), Sterling Jewelers Inc. d/b/a Jared the Galleria of Jewelry ("Jared"), Le Vian Corp. ("Le Vian") and the Jewelers Board of Trade ("JBT") – who have no relevance to this action and seeking the production of highly sensitive and confidential information that has absolutely no bearing on the claims in this action.

---

[1] After issuing two of the subpoenas at issue here, defendant Steve Yeko (the principal of ESDN) was dismissed from the action pursuant to the Court's Memorandum and Order, dated January 9, 2013 (the "January 9, 2013 Order"), which granted in part and denied in part Defendants' motion to dismiss. (*See* Docket Entry #34).

As detailed below, this action arises from ESDN's failure to meet its contractual obligations to KGK N.Y. in connection with a computer marketing program that KGK N.Y. provided to certain independent retail jewelry stores. In total, KGK N.Y. agreed to provide the marketing program to 70 independent retail jewelry stores, which was memorialized in separate contracts with each retailer. ESDN agreed to provide the technical support for the marketing program, which was a critical function, but it failed in numerous ways to adequately perform its end of the bargain, resulting in the marketing program falling apart. In addition, KGK N.Y. learned that ESDN, through its combustible principal, Steve Yeko, engaged in additional misconduct, including improperly seizing and withholding key customer information from KGK N.Y. and the retailers as well as attempting to divert business opportunities with the retailers from KGK N.Y. to itself. As a result, KGK N.Y. brought this action for breach of contract, tortious interference of KGK N.Y.'s contracts with the 70 retailers, unfair competition and for injunctive relief.

Despite the fact that the issues in this case relate solely to the marketing program and ESDN's improper actions in interfering with and damaging KGK N.Y.'s relationship with the 70 retail jewelry store customers, ESDN has issued Subpoenas to four non-parties that had absolutely no involvement in the marketing program. In fact, ESDN was well aware that none of these entities participated in the marketing program because the list of each participating retailer was annexed to the two contracts between KGK N.Y. and ESDN, which is Exhibit B to the Amended Complaint. (*See* Raymond Decl. Exh. A.) Furthermore, with respect to three of the subpoenas (to Kay, Jared and Le Vian), ESDN improperly seeks highly confidential grading information for jewelry supplied by a KGK N.Y. foreign affiliate, KGK Group, who is not a party to this action and has no involvement in the transactions at issue in this action. The fourth

subpoena (to JBT) improperly seeks documents related to a collection dispute between KGK N.Y. and a non-party, which also has no bearing on the issues in this action.  Thus, the Subpoenas clearly seek information that is irrelevant to this action.

The basis for ESDN's issuance of clearly improper and abusive Subpoenas appears to be an attempt to harass and damage the relationship between KGK N.Y.'s foreign affiliates and these retailers for the purpose of coercing a settlement from KGK N.Y.  Kay, Jared and Le Vian are some of the largest retail jewelry stores in the country, and ESDN's Subpoenas are a clear attempt to damage any potential business relationship between KGK N.Y.'s foreign affiliates and these significant retailers.  ESDN's abuse of the subpoena power and manipulation of the judicial process at the expense of four non-parties and KGK N.Y. is inexcusable.

Indeed, when KGK N.Y. requested that ESDN withdraw the Subpoenas, ESDN failed to even respond to the request.  Thereafter, during a court conference, ESDN indicated that the diamond grading information requested of Kay, Jared and Le Vian was relevant to its affirmative defense to KGK N.Y.'s claim for tortious interference because the requested information will demonstrate that KGK N.Y.'s contracts with the 70 retailers was procured through fraud.  This argument, however, is pure fantasy because it is undisputed – and ESDN is well aware – that Kay, Jared and Le Vian are not part of the 70 retailers that participated in KGK N.Y.'s marketing program.  ESDN's failure to reasonably justify the Subpoenas further demonstrates its blatant contempt for the rule of law and the authority of this Court.  ESDN and its counsel should be appropriately sanctioned for issuing these abusive and improper Subpoenas, and Rule 45(c), 28 U.S.C. § 1927 and the Court's inherent power provide the Court with ample authority to sanction ESDN and its counsel.

Accordingly, KGK N.Y. respectfully requests that (i) each of the four Subpoenas be quashed; and (ii) ESDN and its counsel be sanctioned, including enjoining ESDN from issuing any further such subpoenas without prior approval from this Court and directing the payment of KGK N.Y.'s expenses, including its attorneys' fees, incurred in bringing this motion.

## STATEMENT OF FACTS

**A.     This Action**

As alleged in the Second Amended Complaint ("SAC"), KGK N.Y. markets and sells jewelry to retail stores in the United States for resale to customers. (Raymond Decl., Exh. A at ¶ 10.); (Singhvi Decl. at ¶ 2.)  In 2010, to help market its services to its retail jewelry store customers, KGK N.Y. developed a computer marketing program (the "Marketing Program") through which KGK N.Y. provided the retailers with certain computer marketing services, including providing each of the retailers with an in-store kiosk (*i.e.*, touch screen tablet computer) that enabled the retailer's customers to view a virtual inventory of KGK N.Y.'s jewelry products and to register for promotional events by inputting their email addresses. (Raymond Decl., Exh. A at ¶ 11.)  A critical component of the Marketing Program was that, when customers of the retailers used the kiosks, they were required to provide the retailer with the customers' email addresses. (*Id.*, Exh. A at ¶ 12.)  KGK N.Y. and the retailers then used these email addresses to periodically send notifications regarding sales and other store information to the retailers' customers to improve sales and customer loyalty. (*Id.*)  In total, KGK N.Y. entered into contracts with 70 independent retail jewelry stores regarding the Marketing Program. (*Id.*, Exh. A at ¶ 13.)  Each of the 70 customers is detailed in a list annexed to KGK N.Y.'s Second Amended Complaint, at Exhibit B. (*See id.*, Exh. A at Exh. B therein.) None of the four subpoenaed entities is included in the 70 retailers whose contracts are at issue in this action. (*See id.*)

Pursuant to two contracts, both dated October 20, 2011, KGK N.Y. retained ESDN as a vendor to provide certain services in connection with the Marketing Program, including to supply the kiosk to each of the 70 retailers and to maintain and service the computer system running on the kiosks (the "October 2010 Contracts"). (*Id*., Exh. A at ¶¶ 16-18.) However, soon after the October 2010 Contracts were executed, ESDN began demanding that KGK N.Y. pay monies claimed to be owed for services outside the scope of the contracts and threatening to cease providing any of its contractually-obligated services unless such monies were paid. (*Id*., Exh. A at ¶¶ 21-23.) Moreover, ESDN was substantially behind in performing the services that it agreed to provide under the October 2010 Contracts, including providing kiosks to each retailer participating in the Marketing Program. (*Id*., Exh. A at ¶ 20.) As detailed in the SAC, ESDN was also actively subverting KGK N.Y.'s relationship with the retailers by improperly seizing and withholding the email addresses that KGK N.Y.'s retailers' customers had supplied through the retailer's respective kiosks and attempting to divert business opportunities with the retailers from KGK N.Y. to itself, including some of the services that were part of the Marketing Program. (*Id*., Exh. A at ¶¶ 28-35.)

ESDN's misconduct reached its apex in early December 2011, when it issued an ultimatum – that KGK N.Y. pay more than $1 million to ESDN or it would shut down all services to KGK N.Y.'s retail customers, including access to the computer system running the kiosks. (*Id*., Exh. A at ¶¶ 23-24.) In response to ESDN's threatened action, KGK N.Y. commenced this action and was prepared to seek a temporary restraining order and preliminary injunction to stop ESDN from carrying out its threats. (*Id*., Exh. A at ¶¶ 24-25.) ESDN, however, retracted its ultimatum after it was advised of KGK N.Y.'s plans to seek injunctive relief and ESDN then agreed to refrain from shutting off the computer system. (*Id*.) However,

through these events, it became clear that KGK N.Y. could not rely upon ESDN to adequately perform its contractual obligations. (*Id.*, Exh. A at ¶ 26.) Therefore, in February 2012, KGK N.Y. sought the assistance of a new vendor to provide technical support for the Marketing Program, and severed its relationship with ESDN. (*Id.*, Exh. A at ¶ 27.)

Based upon ESDN's misconduct, KGK has brought this action, asserting claims for breach of the October 2010 Contracts, tortious interference of KGK N.Y.'s contracts with the 70 retailers, unfair competition and for injunctive relief.[2] (*Id.*, Exh. A.) In response to KGK N.Y.'s Amended Complaint, ESDN did not assert any counterclaims. (Raymond Decl., Exh. B.) In its Answer, ESDN asserted various affirmative defenses, including two defenses challenging the validity of the contracts between KGK N.Y. and the 70 retailers because the contracts were allegedly procured through fraud and that KGK N.Y. breached the contracts by allegedly "providing to those retailers fraudulently graded diamond merchandise…." (*Id.*, Exh. B at ¶¶ 80-81.)

**B.    The Subpoenas and the Interested Parties**

By way of background, KGK N.Y.'s foreign affiliates (including KGK Jewelry Manufacturing Limited ("KJML"), a company located in Hong Kong) manufacture jewelry and sell it to major retail jewelry stores in the United States. (Singhvi Decl., ¶ 3.) KGK N.Y., the plaintiff in this action, has nothing to do with this business of its foreign affiliates, including KJML and KGK Group, and does not supply jewelry to the large retail customers of its foreign affiliates. (*Id.*, at ¶ 4.)

---

[2]    The actions of ESDN discussed herein underlie the claims that survived the Court's January 9, 2013 Order.

Notwithstanding this fact, on or around December 20, 2012, ESDN filed notices of subpoenas *duces tecum* directed to Kay and Jared on the ECF docket for this matter.[3]  (Raymond Decl., Exhs. C and D.)  Both subpoenas were issued in this case and its caption, signed by ESDN's counsel (Adam Engel) and, therefore, purported to relate to the claims in this action.  (*See id*.)  The subpoenas commanded Kay and Jared to "produce for inspection and grading no less than 5 engagement rings for sale in your store that were manufactured by the KGK Group or any of its affiliates or subsidiaries, including without limitation KGK Jewelry LLC, and that are offered for sale with a specific diamond grade, and produce for inspection and copying all documents concerning such grade."  (*See id*.)  Based upon information and belief, both Kay and Jared are divisions of Sterling Jewelers, Inc. ("Sterling").  (*See id*., at ¶ 8.)  Together with their parent company, Signet Jewelers, Kay, Jared, and Sterling are the largest specialty retail jeweler in the world.  (*See id*.)  Based upon information and belief, Kay and Jared objected to the subpoenas on various grounds and refused to provide the requested materials because, among other reasons, the requested grading information is highly confidential.  (*See id*., Exh. E.)

On or around January 29, 2013, ESDN filed notices of subpoenas *duces tecum* directed to Le Vian and JBT on the ECF docket for this matter.  (*Id*., Exhs. F and H.)  Both subpoenas were issued in this case and its caption, signed by ESDN's counsel (Adam Engel) and, therefore, purported to relate to the claims in this action.  (*See id*.)  The subpoena issued to Le Vian requested the same materials requested of Kay and Jared, namely the production of grading information and jewelry "manufactured by KGK Group or any of its affiliates or subsidiaries."

---

3   Plaintiff does not contest that the filing of the Subpoenas on the docket via ECF provided sufficient notice of the subpoenas in accordance with Rule 45.  However, ESDN's filing of the Subpoenas on the ECF docket is highly unusual and inappropriate in this Court given that Subpoenas, like most discovery materials, generally are not filed on the public docket.

(*See id*., Exh. F.)  Based upon information and belief, Le Vian is a multinational business engaged in the design and sale of fine jewelry, including diamond jewelry, which is sold throughout the United States and Canada.  (*See id*., at ¶ 12.)  Based upon information and belief, Le Vian objected to the subpoena on various grounds and refused to provide the requested materials because the requested grading information is highly confidential.  (*See id*., Exh. G.)

The subpoena issued to JBT requested the production "of all documents and other tangible things concerning JBT Collection Claim No. 47831 … including all correspondence with KGK and all internal communications."  (*Id*., Exh. H.)  The JBT Subpoena pertains to an entirely separate dispute between KGK N.Y. and a non-party (The Diamond Center) regarding monies owed to KGK N.Y.  (Singhvi Decl., at ¶¶ 11-12.)  The JBT is a trade organization that provides jewelry-industry specific services to its members, including services to resolve collection disputes.  (*See* Raymond Decl. at ¶ 16.)  Based upon information and belief, JBT has provided a response and documents in response to the JBT Subpoena.  (*See id*., at ¶ 15.)  However, in contravention of Rule 45, ESDN has yet to provide such documents to KGK N.Y.  (*See id*.)

On February 12, 2013, KGK N.Y. sent a letter to counsel for ESDN, demanding that the Subpoenas be withdrawn because they were clearly improper and, in the case of the subpoenas served upon Kay, Jared and Le Vian, were designed solely to harass and damage the potential relationship between KGK N.Y.'s foreign affiliates and these entities.  (*See id*., Exh. I.)  In response, ESDN's counsel, Adam Engel, advised that he would provide a response to KGK N.Y.'s February 12th letter by February 15, 2013.  (*See id*., at ¶ 18.)  However, Mr. Engel never responded to the demands in KGK N.Y.'s February 12th letter.  (*See id*.)

**ARGUMENT**

**POINT I**

**THE SUBPOENAS MUST BE QUASHED**

As set forth below, the Subpoenas should be quashed because they improperly seek information that is not relevant to this action or reasonably likely to lead to the discovery of admissible evidence. Because of these overreaching and substantive defects, the Subpoenas create an undue burden upon the non-parties in complying with the Subpoenas, which is a mandatory basis for quashing or modifying a subpoena. *See* Fed. R. Civ. P. 45(c)(3)(A)(iv). Moreover, the Kay, Jared and Le Vian Subpoenas are improper because they seek the production of highly confidential and sensitive information from non-parties. For these reasons, the Subpoenas should be quashed.

**A.    The Subpoenas Seek Information Irrelevant to This Action
        and Create an Undue Burden Upon Non-Parties**

Rule 45 affirmatively requires the party serving a subpoena to take reasonable steps to avoid imposing an undue burden on the recipient -- *especially* if the recipient is a non-party. *See* Fed. R. Civ. P. 45(c)(1). Indeed, Rule 45 requires a court to quash or modify a subpoena that subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(iv).

When determining whether a subpoena causes an undue burden on a non-party, courts consider "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed" in responding. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (citing *U.S. v. IBM*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)); *see also Night Hawk Limited v. Briarpatch Limited, L.P.,* No. 03 civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003). The party issuing the subpoena must demonstrate that the information

sought is relevant and material to the allegations and claims at issue in the proceedings. *See Salvatore Studios Int'l v. Mako's Inc.,* No. 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. Aug. 14, 2001) ("Rule 26(b)(1) of the Federal Rules of Civil Procedure restricts discovery to matters relevant to the claims and defenses of the parties.")  Further, where the subpoena targets a non-party, "courts may impose broader restrictions." *Concord Boat*, 169 F.R.D. at 49.  Thus, the "status of a witness as a non-party to the underlying litigation 'entitles [the witness] to consideration regarding expense and convenience.'" *Id.* (quoting Fed. R. Civ. P. 45(c)(2)(B)). Notably, this Court has previously held that a subpoena that "pursues material with little apparent or likely relevance to the subject matter is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." *In re Blackstone Partners, L.P.,* No. 04 Civ. 7757, 2005 WL 1560505, at *2 (S.D.N.Y. July 1, 2005).

Here, the Subpoenas should be quashed for creating an undue burden because the materials requested of the non-parties is neither relevant to the claims in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Indeed, the claims in this case are limited to ESDN's failure to perform its contractual services in connection with the Marketing Program and ESDN's other misconduct in attempting to subvert KGK N.Y.'s relationship with the 70 retailers participating in the Marketing Program.  ESDN has asserted no counterclaims against KGK N.Y.  Thus, the issues relevant to this action involve ESDN's misconduct and breaches, and have no relation to the subpoenaed non-parties.

For example, none of the subpoenaed parties are not now nor have ever been customers of KGK N.Y. during the time period of the Marketing Program and they certainly were not one of the 70 retailers participating in the Marketing Program. (Singhvi Decl. at ¶¶ 8-9.)  Similarly, the information requested of the non-parties – materials related to diamond grading and an

unrelated collection dispute – is irrelevant to this action.  Neither the jewelry nor the diamond grading information demanded from Kay, Jared and Le Vian was manufactured by or supplied by KGK N.Y.  (*See id.,* at ¶ 10.)  Furthermore, the information sought in the JBT Subpoena relates to an entirely separate dispute between KGK N.Y. and The Diamond Center about monies owed to KGK N.Y.  (*See id.,* at ¶ 12.)  Thus, the Subpoenas seek irrelevant information and improperly create an undue burden upon the non-parties.

ESDN may argue that the information sought in the Subpoenas is relevant to its affirmative defense to KGK N.Y.'s tortious interference claim because the contracts between KGK N.Y. and the 70 retailers are invalid because of some unspecified fraud and that KGK N.Y. breached the contracts by supplying the retailers with "fraudulently graded diamond merchandise…." (Raymond Decl., Exh. B at ¶¶ 80-81.)  However, as ESDN is well aware, none of the subpoenaed parties (including Kay, Jared and Le Vian) were one of the 70 retailers participating in the Marketing Program.  (*See id*., Exh. A.)  Therefore, even if ESDN obtained information from the subpoenaed parties related to purported fraudulently graded diamonds, then it would still have no relevance to the claims in this action, including ESDN's affirmative defenses to KGK N.Y.'s tortious interference claim.

ESDN has offered no other justification (and KGK N.Y. cannot conceive) how the information sought from these non-parties could possibly have any reasonable relation to KGK N.Y.'s claims against ESDN or ESDN's defenses.  Moreover, if the information sought from these non-parties was relevant to ESDN's affirmative defenses, then one would expect ESDN to first request such information from KGK N.Y., which would be a far less intrusive and costly means to obtain such information.  However, ESDN has notably not served any document

requests or interrogatories upon KGK N.Y., let alone document requests seeking information related to diamond grading and a collection dispute with a third-party.

Accordingly, the Subpoenas should be quashed because they are improper and an abuse of the discovery process.

**B.      The Subpoenas Improperly Seek the Production of Highly Confidential Information from Non-Parties**

Rule 45(c)(3)(B) permits the Court, in its discretion, to quash or modify a subpoena if it "requires disclosure of a trade secret or other confidential research, development, or commercial information[.]" *See also Grigsby & Associates, Inc. v. Rice Derivative Holdings, L.P.,* No. 00 CIV. 5056(RO), 2001 WL 1135620 at *4 (S.D.N.Y. Sept. 26, 2001) (motion to quash non-party subpoenas granted, in part, because the requests were overbroad, the subpoenaed material was irrelevant and disclosure would reveal the moving party's sensitive commercial information). Indeed, the Federal Rules of Civil Procedure require a district court that issues a subpoena to quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

Here, based upon information and belief, in response to the subpoenas, Kay, Jared and Le Vian objected to providing the requested diamond grading information because such information is highly confidential and sensitive. (*See* Singhvi Decl., at ¶ 13.) In fact, the diamond grading information that ESDN seeks from Kay, Jared and Le Vian is directly correlated to a diamond's cost and market value. (*See id.,* at ¶ 14.) If the requested diamond grading information is disclosed to ESDN, then ESDN would also learn a substantial amount of information about each company's confidential business strategies, including pricing models. (*See id.,* at ¶ 15.) Thus, the disclosure of such information could significantly damage or impair each entity's competitive advantages and goodwill in the industry. (*See id.,* at ¶ 16.) This concern is especially heightened

where such information would be provided to ESDN, which is an entity that has familiarity and relationships with many competitors of Kay, Jared and Li Vian. (*See id.,* at ¶ 17.)

Given the significance of the information requested in the Kay, Jared and Le Vian Subpoenas, the clear irrelevance of such information to the claims in this action and ESDN's failure to reasonably justify the need for such information, the Subpoenas should be quashed. Indeed, ESDN's intentional pursuit of such highly confidential and sensitive information amounts to little more than harassment of the subpoenaed non-parties. Thus, in balancing the interests of the non-parties in maintaining the confidential nature of the diamond grading information against any potential value of the information to ESDN in this lawsuit, this Court should quash the Kay, Jared and Le Vian Subpoenas. *See Solow v. Conseco, Inc.*, No. 06 Civ. 5988, 2008 WL 190340, at *5 (S.D.N.Y. Jan. 18, 2008) (quashing non-party subpoena where the requested financial documents had "little or no relevance to the claims and defenses in this action" and there was legitimate interest in maintaining the confidentiality of the documents).

## POINT II

### PLAINTIFF'S MOTION FOR SANCTIONS SHOULD BE GRANTED

Given the clear irrelevance of the information sought by the Subpoenas to the claims in this action and the failure of ESDN to reasonably justify the issuance of the Subpoenas, sanctions are appropriate here. Indeed, it appears that ESDN issued the Subpoenas for the sole purpose to harass and damage the potential relationship between KGK N.Y.'s foreign affiliates and these non-party retailers in an effort to coerce a settlement from KGK N.Y., which is a blatant and irresponsible abuse of the subpoena power.[4]

---

[4] The issuance of these four improper Subpoenas is part of a pattern of discovery abuses by ESDN's counsel (Adam Engel), who engaged in similar harassment tactics in a related action when he sent subpoenas *duces tecum* to 15 non-parties who were current and former employees of KGK N.Y. At

Continued on following page

This Court has ample authority to impose sanctions on ESDN and its counsel for their inexcusable actions.  Under Rule 45 of the Federal Rule of Civil Procedure, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(c)(1).  "To ensure compliance with this requirement, the court is authorized to 'impose upon the party or attorney in breach of [the] duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.'"  *Molefi v. Oppenheimer Trust,* No. 03 Civ. 5631, 2007 WL 538547, at *2-*3 (E.D.N.Y. Feb. 15, 2007) (quoting Fed. R. Civ. P. 45(c)(1)).

In addition to sanctions under Rule 45, a court may also award fees and costs pursuant to 28 U.S.C. § 1927, which provides that any attorney who "so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."  *See also In re 60 East 80th Street Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) ("[A]n award under [Section] 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.") (internal quotation marks and citation omitted); *see also Apex Oil Co. v. Belcher Co. of New York, Inc.*, 855 F.2d 1009, 1019 (2d Cir. 1988) (imposing sanctions upon a law firm pursuant to 28 U.S.C. § 1927 for failure to confer in good faith over discovery disputes, which clearly "multiplies the

---

Continued from previous page

KGK N.Y.'s request, Adam Engel initially withdrew the subpoenas because the subpoenas were admittedly defective because he failed to provide KGK N.Y. with adequate notice of the subpoenas prior serving them as required by Rule 45(b)(1).  The subpoenas were also defective because they were served via regular and/or certified mail, instead of via personal service as required by Rule 45(b)(1).  Mr. Engel re-served the subpoenas upon all 15 non-parties after providing notice of the subpoenas to KGK N.Y., but the subpoenas remained defective because they were served via regular and/or certified mail.  Despite knowledge that the re-issued subpoenas were defective due to the method of service, counsel continued to pursue information from these non-parties through defective subpoenas.

proceedings … unreasonably and vexatiously"). Similarly, this Court has the authority under its inherent supervisory powers to impose sanctions against ESDN and its counsel for pursuing discovery in bad faith. *See Kenney, Becker LLP v. Kenney,* No. 06 Civ. 2975, 2008 WL 681452, at *2 (S.D.N.Y. Mar. 10, 2008). As the *Kenney* court explained, the Court's inherent power serves "the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." *Id.*

Here, sanctions against ESDN and its counsel are particularly appropriate because the Subpoenas are blatantly improper for the several reasons addressed above, including because the Subpoenas seek information that is completely irrelevant to the claims and the parties in this action. ESDN has offered no reasonable justification how diamond grading information from Kay, Jared and Le Vian could be relevant to the claims in this action, which solely relates to ESDN's misconduct in connection with the Marketing Program relating to 70 retail jewelry stores that <u>does not</u> include any of the subpoenaed non-parties. ESDN has likewise offered no justification for seeking information related to a collection dispute between KGK N.Y. and a third party. Indeed, the clear impropriety of the Subpoenas further demonstrates that ESDN and its counsel lacked a good faith basis for issuing the Subpoenas. *See Kenney, Becker LLP*, 2008 WL 681452, at *2 (finding that "plaintiffs had no proper basis for the subpoena and were acting in bad faith," in part, because the subpoena issued by counsel was blatantly improper for numerous reasons).

The subpoenas issued to Kay, Jared and Le Vian appear to have been served for the sole purpose of interfering with the potential relationship between the non-party jewelry retailers and KGK N.Y. and/or its foreign affiliates in an effort to pressure KGK N.Y. into a settlement.

(Singhvi Decl., at ¶ 18.) Kay, Jared and Le Vían operate nationally-recognized retail jewelry stores, and a potential business relationship with any one of these non-parties would be a significant development for KGK N.Y. and/or its foreign affiliates – a fact not lost on ESDN. (*See id.,* at ¶ 19.) The actions of ESDN in issuing the Subpoenas and requesting information related to a purported fraudulent diamond grading scheme highlight the grave commercial damage that ESDN can and likely has already caused by serving these improper Subpoenas. (*See id.,* at ¶ 20.) The unfortunate reality appears to be that ESDN issued the Subpoenas to purposefully damage any potential relationship between these entities and KGK N.Y. and/or its foreign affiliates, all in the hopes of coercing a settlement from KGK N.Y. ESDN's blatant abuse of the subpoena power as a callous intimidation tactic represents an extraordinary contempt for the rule of law and for counsel's responsibilities as an officer of this Court.

When KGK N.Y. initially confronted ESDN about the impropriety of the Subpoenas and requested that they be withdrawn, by a February 12th letter, ESDN failed to even respond to the request. As a result, KGK N.Y. has had to file the instant motion to preserve order in this case and prevent the unwarranted harassment of non-parties. Under these circumstances, "[s]anctions are properly imposed and attorney's fees are awarded where, as here, the party improperly issuing the subpoena refused to withdraw it." *Night Hawk Limited,* 2003 WL 23018833 at *9. The actions of ESDN and its counsel simply cannot be tolerated.

Accordingly, this Court should impose sanctions upon ESDN and its counsel, including awarding KGK N.Y. the recovery of its attorneys' fees and costs incurred in addressing their misconduct.

## CONCLUSION

For all of the foregoing reasons, KGK N.Y. respectfully requests that the Court quash the four non-party subpoenas issued by ESDN, impose sanctions upon ESDN and its counsel, including awarding KGK N.Y. the recovery of its attorneys' fees and costs for this matter, and such further relief as the Court deems just and proper.

Dated:   New York, New York
         April 15, 2013                         **REED SMITH LLP**

                                                By:  *s/Peter D. Raymond*
                                                       Peter D. Raymond
                                                       Geoffrey G. Young
                                                599 Lexington Avenue
                                                New York, New York 10022
                                                *Attorneys for Plaintiff*