UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
3-21-14

KGK JEWELRY LLC,

                     Plaintiff,

       - against -

ESDNETWORK AND STEVE YEKO,

                  Defendants.

OPINION AND
ORDER

11 Civ. 9236 (LTS) (RLE)

RONALD L. ELLIS, United States Magistrate Judge:

## I.    INTRODUCTION

Plaintiff KGK Jewelry LLC ("KGK") brings this action for breach of contract, tortious interference of a contract, and unfair competition against Defendants Electronic Sales Dealer Network, Inc. and Steve Yeko, its Chief Executive Officer (collectively, "ESDN"). Defendants issued subpoenas *duces tecum* to four non-party corporations: Sterling Jewelers Inc. d/b/a Kay Jewelers ("Kay"), Sterling Jewelers Inc. d/b/a Jared the Galleria ("Jared"), Le Vian Corp. ("Le Vian"), and the Jewelers Board of Trade ("JBT"). The subpoenas for Kay, Jared, and Le Vian requested the grading information for all jewelry provided by KGK Group, a foreign affiliate of KGK and a non-party to this action. The subpoena for JBT requested documents related to a collection dispute between KGK and a non-party. Before the Court is (1) KGK's motion to quash the four non-party subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure and for sanctions pursuant to Rule 45, 28 U.S.C. § 1927, and the Court's inherent power; and (2) ESDN's cross motion for sanctions.

For the reasons that follow, KGK's motion to quash the subpoenas issued against Kay, Jared, JBT, and Le Vian is **DENIED**; KGK's motion for sanctions in the form of attorneys' fees

is **GRANTED**; and ESDN's cross motion for sanctions is **DENIED.**

## II.    BACKGROUND

In 2010, KGK developed an electronic marketing tool that allowed the customers of various jewelry retailers to view KGK's inventory on a touch screen tablet ("kiosk"). (Pl. Mem. of Law in Supp. of Mot. to Quash ("KGK Mem."), at 4.) The kiosk required customers to input their email addresses so that KGK could periodically send notifications regarding store promotions to them. (*Id.*) KGK entered into contracts with seventy independent retail jewelry stores to market their products using the kiosk. (*Id.*) On October 20, 2011, KGK entered into two contracts with ESDN to "supply the kiosk to each of the 70 retailers and to maintain and service the computer system running on the kiosks." (*Id.* at 5.) KGK alleges that ESDN did not fully perform all the services required under the contract, including not providing kiosks to all participating retailers and "withholding the email addresses that [KGK] retailers' customers had supplied through the retailers' respective kiosks . . . to divert business opportunities with the retailers from KGK to itself . . . ." (*Id.*) KGK also alleges that ESDN threatened to discontinue their services unless KGK "pa[id] monies claimed to be owed for services outside the scope of the contracts." (*Id.*) After ESDN informed KGK that it would cancel services on the kiosks if KGK did not pay them at least $1 million, KGK terminated the relationship and filed this action. (*Id.*)

On December 19, 2012, ESDN filed notices of subpoenas *duces tectum* issued from the United States District Court for the District of New Hampshire to Kay and Jared ("the Kay and Jared subpoenas"). (Peter Raymond Decl. in Supp. of Mot. to Quash ("Raymond Decl."), Ex. C, D.) The subpoenas demanded the corporations provide ESDN with five engagement rings sold in their stores that were manufactured by the KGK Group or any of its affiliates or subsidiaries

2

and documents concerning the grade of the rings provided. (KGK Mem. at 7.) Kay and Jared objected to the subpoenas, claiming among other things, that the grading information requested is highly confidential. (Raymond Decl., Ex. E.)

On January 29, 2013, ESDN issued a subpoena *duces tectum* to Le Vian ("the Le Vian subpoena") in this District. (*Id.* Ex. F.) ESDN requested that Le Vian also provide the "grading information and jewelry manufactured by KGK Group or any of its affiliates or subsidiaries." (KGK Mem. at 7.) Le Vian refused to do so because it alleged that the information is highly confidential. (Raymond Decl., Ex. G.)

On January 29, 2013, ESDN issued a subpoena *duces tecum* to JBT ("the JBT subpoena") by the United States District Court for the District of Rhode Island. (Raymond Decl., Ex. H.) ESDN requested that JBT provide "all documents and other tangible things concerning JBT Collection Claim No. 47831 . . . including all correspondence with KGK and all internal communications." (KGK Mem. at 8.) KGK alleges that the information requested from JBT concerns a "separate dispute between KGK and The Diamond Center, a non-party regarding monies owed to KGK." (*Id.*) JBT has provided the requested documents to ESDN, but ESDN has not released these documents to KGK. (*Id.*)

### III.   DISCUSSION

**A.   KGK's Motion to Quash**

**1.   The Kay, Jared, and JBT Subpoenas**

The motion to quash the Kay, Jared, and JBT subpoenas implicates the 2013 amendments to Federal Rule of Civil Procedure 45, which became effective on December 1, 2013, after the subpoenas were issued. 2013 US Order 0022 (C.O. 0022). Prior to the 2013 amendments,

subpoenas had to be issued from the court where compliance was required,[1] and the power to

quash or modify a subpoena was reserved to that court.[2]   After the 2013 amendments, Rule 45

now requires subpoenas to issue from "the court where the action is pending," Fed. R. Civ. P.

45(a)(2), but still reserves the power to quash or modify a subpoena to the "court for the district

where compliance is required," Fed. R. Civ. P. 45(d)(3)).   However, Rule 45(f) states that

"[w]hen the court where compliance is required did not issue the subpoena, it may transfer a

motion under this rule to the issuing court if the person subject to the subpoena consents or if the

court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

      The Second Circuit has not yet addressed the question of how the 2013 amendments to

Rule 45 apply to pending cases.   In adopting the amendments, the Supreme Court stated that they

"shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and

practicable, all proceedings then pending."   2013 US Order 0022 (C.O. 0022).   When the

Supreme Court adopted amendments to the Federal Rules of Civil Procedure in 1991, it also

ordered that the amendments apply to pending cases when "just and practicable," and this

District subsequently applied the amendments to pending cases.   *See Crossen v. Bernstein*, 91

Civ. 3501 (PKL), 1994 WL 281881 (S.D.N.Y. June 23, 1994) (applying the 1991 amendments to

---

[1] The pre-2013 version of Rule 45 stated that subpoenas "must issue as follows . . . for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2) (2011).

[2] This was true regardless of whether the issuing court was the court where the action was pending. *See Chevron Corp. v. Donziger*, No. 11 Civ. 0691 (LAK), 2012 WL 6634680, at *2 (S.D.N.Y. Dec. 19, 2012) ("[Rule] 45(c)(3) provides that . . . any motion to quash or modify [] must be made in the issuing court."); *Rosen v. Mega Bloks Inc.*, No. 06 Civ. 3474 (LTS) (GWG), 2009 U.S. Dist. LEXIS 40881, at *6 (S.D.N.Y. May 13, 2009) ("If a subpoena is issued by a district court other than the one in which the case is pending . . . the proper court in which to file a motion to quash or modify the subpoena is the issuing court, not the court in which the action is pending."); *In re Application for Order Quashing Deposition Subpoenas, dated July 16, 2002*, No. M8-85, 2002 WL 1870084, at *6 (S.D.N.Y. Aug. 14, 2002) ("Only the issuing court has the power to act on its subpoenas."); *Jack Frost Lab. v. Physicians & Nurses Mfg. Corp.*, No. 92 Civ. 9264 (MGC), 1994 WL 9690, at *1 (S.D.N.Y. Jan. 13, 1994) ("Rule 45(c) appears to indicate that the appropriate venue for a motion to quash is the court that issued the subpoena.").

Rule 15(c) retroactively); *Dayton Monetary Associates v. Donaldson, Lufkin, & Jenrette Sec. Corp.*, 91 Civ. 2050 (LLS), 1992 WL 204374 (S.D.N.Y. Aug. 11, 1992) (same).  Applying the 2013 amendments to this case is just and practicable, and does not change the result, that is, the Court does not have jurisdiction over the motion to quash the Kay, Jared, and JBT subpoenas.

Under pre-2013 Rule 45, the Court would not have jurisdiction over the motion to quash because the Court did not issue the subpoenas.  *See supra* note 2 and accompanying text.  Under post-2013 Rule 45, the subpoenas could not have been issued by the District of New Hampshire and the District of Rhode Island, because neither court is "the court where the action is pending." Fed. R. Civ. P. 45(a)(2).  Jurisdiction over a motion to quash or modify, however, remains with "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3).  The court for the district where compliance is required therefore is the District of New Hampshire for the Kay and Jared subpoenas, and is the District of Rhode Island for the JBT subpoena.  (Raymond Decl. Exs. C, D, H.)  No order to transfer a motion to quash to this Court has been entered by either the District Court of New Hampshire or the District Court of Rhode Island.  Fed. R. Civ. P. 45(f). Therefore, although the Court finds that the post-2013 Rule may be applied, the lack of jurisdiction in this Court requires that KGK's motion to quash the Kay, Jared, and JBT subpoenas be **DENIED.**

### 2.    The Le Vian Subpoena

The subpoena requesting documents from Le Vian ("the Le Vian subpoena") was issued by this District before the 2013 amendments to Rule 45 took effect.  (Raymond Decl., Ex. F.) Applying the 2013 amendments to this case is just and practicable, and does not change the result, that is, the Court does have jurisdiction over the motion to quash the Le Vian subpoena. Under pre-2013 Rule 45, this Court would have jurisdiction over a motion to quash the Le Vian

subpoena because it is the issuing court, and under post-2013 Rule 45, this Court has jurisdiction because this Court is the court for the district where compliance is required. (*Id.*) Fed. R. Civ. P. 45(d)(3).

In order to prevail on its motion to quash, however, KGK must have standing to quash the subpoena. Whether a party has standing to quash a subpoena depends on the nature of the information being sought. *See First Indem. of America Ins. Co. v. Shinas*, No. 03 Civ.6634 (KMW)(KNF), 2005 WL 3535069, at *3 (S.D.N.Y. Dec. 23, 2005). "A party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right." *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004). "[T]he claim of privilege or right must be personal to the movant, not to the non-party witness on whom the subpoenas was served." *Samad Bros., Inc. v. Bokara Rug Co. Inc.*, No. 09 Civ. 5843 (JFK)(KNF), 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010). Information regarding a party's financial records may give rise to a privacy interest, *see Reserve Solutions, Inc. v. Vernaglia*, No. 05 Civ. 8622 (VM)(RLE), 2006 WL 1788299 (S.D.N.Y. June 26, 2006) (finding that party had standing to quash a subpoena seeking the party's personal credit card records from non-party American Express); *Carey v. Berisford Metals Corp.*, No. 90 Civ. 1045 (JMC), 1991 WL 44843, at *7 (S.D.N.Y. March 28, 1991) (holding that party had standing to quash a subpoena seeking the party's bank account information from non-party bank), as may information regarding a party's employment records. *See During v. City Univ. Of New York*, No. 05 Civ. 6992 (RCC)(RLE), 2006 WL 618764 (S.D.N.Y. Mar. 9, 2006), *rev'd on other grounds*, 2005 Civ. 6992 (RCC), 2006 WL 2192843 (S.D.N.Y. Aug. 1, 2006) (finding that party had standing to quash a subpoena seeking party's employment records from non-party employer). However, standing is not conferred when the information sought from the non-party

6

was not requested from or about the objecting party. *First Indem. of America Ins. Co.*, 2005 WL 3535069, at *3.  Alleging that a subpoena is "harassing and serve[s] no purpose" without claiming a personal right or privilege also does not confer standing.  *Ashkinazi v. Sapir*, No. 02 Civ. 0002 (RCC), 2004 WL 1698446, at *3 (S.D.N.Y. July 28, 2004).

In the subpoena issued to Le Vian, ESDN demanded that Le Vian produce "for inspection and grading no less than 5 pieces of diamond jewelry in your possession, custody or control that were manufactured by KGK Group or any of its affiliates or subsidiaries, and that are or will be offered for sale with a specific diamond grade, and produce for inspection and copying all documents concerning such grading."  (Raymond Decl., Ex. F.)

KGK states that the subpoena seeks "highly confidential grading information for jewelry supplied by a KGK foreign affiliate, KGK Group, who is not a party to this action and has no involvement in the transactions at issue in this action."  (KGK Mem. at 2.)  KGK does not assert that it has a privacy or proprietary interest in the information being sought by ESDN.  It convincingly argues that the subpoenas request confidential information from KGK Group, its foreign affiliate, and Le Vian, but it does not assert that the subpoenas request confidential information from KGK. In fact, KGK asserts the opposite, stating that "neither the jewelry nor the diamond grading information requested in the Kay, Jared, and Le Vian subpoenas was manufactured by or supplied by KGK."  (Singhvi Decl. in Supp. of Mot. to Quash.  (Singhvi Decl.) ¶ 10.)  Therefore, KGK does not have standing to quash the subpoena issued to Le Vian.

KGK's motion to quash the Le Vian subpoena is **DENIED**.

**B.**      **KGK's Motion for Sanctions**

Although the Court does not have jurisdiction to quash the Jared, Kay, and JBT subpoenas, and KGK does not have standing to move to quash the Le Vian subpoena, the Court

can impose sanctions against counsel pursuant to 28 U.S.C. § 1927 ("§ 1927") and against a party and counsel pursuant to the Court's inherent authority to manage the cases before it. *See Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (holding that a court's inherent power to sanction is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve orderly and disposition of cases").

Under § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Bad faith is the touchstone of an award under this statute." *Revson*, 221 F.3d at 79. "Like an award made pursuant to the court's inherent power, and award under § 1927 is proper when the attorney's action are so completely without merit as to require the conclusion that they have been undertaken for some improper purpose such as delay." *Id.* (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)). Thus, the imposition of sanctions under both § 1927 and the court's inherent powers requires a finding that (1) "the offending party's claims were entirely meritless," and (2) were taken for improper purposes, such as for harassment or delay. *See Agee v. Paramount Comm'ns, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997); *Oliveri*, 803 F.2d at 1272.

"Due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999). The "notice requirement mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense." *Id.*; *accord Sakon v. Andreo*, 119 F.3d 109, 114 (2d

8

Cir. 1997).  An evidentiary hearing is not required.  *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 117 (2d Cir. 2000).  "The opportunity to respond by brief or oral argument may suffice." *Id.*

On March 25, 2013, the Court held a pre-motion conference where a briefing schedule for the instant motion was set.  KGK's brief was due April 15, 2013, ESDN's response was due May 13, 2013, and KGK's reply was due May 29, 2013.  KGK filed its brief on April 15, 2013. (Docket Nos. 40-43.)  On May 14, 2013, ESDN filed an untimely memorandum of law and affirmation in opposition to KGK's motion, as well as a cross motion for sanctions.  (Docket No. 44-46.)  However, the document filed as the memorandum of law did not address the sanctions issue or the cross motion for sanctions but instead included an argument that the action should be dismissed pursuant to Rule 12(b)(6).  On June 4, 2013, the Court called ESDN's counsel but received no response.  On June 5, 2013, the Court emailed ESDN's counsel and received a reply in the evening.  ESDN informed the Court that it had made a mistake and submitted without permission a "corrected" memorandum of law.  (Docket No. 48.)  The Court ordered ESDN's response stricken from the record because it was untimely.  (Docket No. 49.)  On May 29, 2013, KGK submitted its reply in support of its motion.

Because ESDN was present at the March 25, 2013 telephone conference and because ESDN had an opportunity to file a response to KGK's motion, ESDN had sufficient notice and opportunity to be heard so as to satisfy the requirements of due process.  ESDN had notice of the sources of authority for the motion for sanctions, § 1927 and the Court's inherent supervisory powers, because they were discussed in KGK's brief, and the specific conduct for which sanctions were sought because it was discussed both in KGK's brief and at the telephone conference.  (KGK Mem. at 14-16.)  ESDN had an opportunity to be heard by way of a response

9

to KGK's motion.  ESDN's failure to respond timely and appropriately does not negate the notice it was provided by KGK and the Court.

The Court finds that ESDN's actions in issuing the subpoenas to Kay, Jared, Le Vian, and JBT were (1) taken entirely without merit and (2) were taken for the improper purpose of harassment.  "A claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *Revson*, 221 F.3d at 78-79. In the March 25, 2013 telephone conference, ESDN argued that the subpoenas were related to affirmative defenses that 1) KGK materially breached its contract with ESDN; and 2) ESDN cannot be held liable for intentional interference of contract or other claims because KGK's contracts with the seventy retailers were not valid because they were a) procured by fraud; and b) because KGK materially breached them.  ESDN argued that KGK breached the clause in its contract with ESDN that required it to comply with its contracts with the seventy retailers by shipping the seventy retailers what ESDN alleged to be fraudulently graded merchandise.  ESDN argued that for the same reasons, KGK's contracts with the retailers themselves were procured by fraud and not valid, and therefore ESDN could not be held liable for a claim of intentional interference with contract.  These reasons do not withstand scrutiny and do not support the issuance of subpoenas against Kay, Jared, and Le Vian.

First, Kay, Jared, and Le Vian were not among the seventy retailers KGK contracted with as part of its marketing program.  (KGK Mem. at 15.)  KGK's foreign affiliates had contracts with Kay, Jared, and Le Vian, but KGK did not.  (KGK Mem. at 6, 10.)  As a result, even if ESDN could show that Kay, Jared, and Le Vian were shipped fraudulently graded products by KGK's affiliates, that information would not prove that KGK breached its contracts with the seventy retailers, and therefore would not support ESDN's affirmative defenses.

10

In an attempt to avoid this flaw in its arguments, ESDN claimed at the March 25, 2013 telephone conference that it expected KGK to respond to any evidence that KGK shipped fraudulently graded  merchandise to the seventy retailers by claiming that the inaccuracies in grading were not fraudulent but simply isolated occurrences.  To rebut this anticipated argument, ESDN argued that it planned to show that the problem of fraudulent grading was more widespread by presenting proof that KGK's foreign affiliates were shipping fraudulently graded products to Kay, Jared, and Le Vian.  The subpoenaed information would provide such proof. This argument is without merit.  Even assuming *arguendo* that such proof would be relevant, ESDN has no evidence that KGK shipped fraudulently graded merchandise to the seventy retailers.  ESDN has also not issued subpoenas for jewelry and grading information to the seventy retailers.  Therefore, even if the information sought by the subpoenas could be relevant at some future point, ESDN cannot demonstrate that it is actually relevant now.  In short, ESDN's arguments require the Court to make too many logical leaps, and are therefore without merit.

The subpoenas have the potential to have a negative impact on KGK because they may disrupt KGK's affiliates' business relationships with Kay, Jared, and Le Vian, all of which are large, nationally-recognized retail jewelers.  (KGK Mem. at 16.)  Given that there is no colorable basis for the issuance of the subpoenas, it appears that they were issued to either harass KGK or to delay the resolution of this action.

ESDN has also not provided any justification for its issuance of the subpoena against JBT.  (KGK Mem. at 15).  No explanation was articulated during the March 25 telephone conference when the issue of sanctions was raised.  ESDN's actions in issuing the subpoena against JBT are also without merit and appear to be taken for the purpose of harassment and

11

delay.

Therefore, under § 1927, ESDN can be required to satisfy the "excess costs, expenses, and attorneys' fees reasonably incurred because of [its]conduct." 28 U.S.C. § 1927. *See Night Hawk Ltd v. Briarpatch Ltd., L.P.*, No. 03 Civ. 1382 (RWS), 2003 WL 23018833, at *9 (S.D.N.Y. Dec. 23, 2003) (finding that sanctions and attorneys' fees were properly imposed "where . . . the party improperly issuing the subpoena refused to withdraw it, requiring the non-party to institute a motion to quash"). Thus, under 28 U.S.C. § 1927 and under the Court's inherent power, KGK's motion for sanctions in the form of attorneys' fees is **GRANTED.**

**C.    ESDN's Cross Motion for Sanctions**

As discussed above, ESDN included a cross motion for sanctions in its untimely opposition to KGK's motion. ESDN's motion seeks sanctions in the form of attorneys' fees against KGK pursuant to Federal Rule of Civil Procedure 11, 26, 28 U.S.C. § 1927, and the Court's inherent power. (Docket No. 44.) ESDN's cross motion for sanctions was filed with a memorandum of law that did not make any argument for sanctions and ESDN's subsequently filed "corrected" memorandum of law was stricken by the Court. Because ESDN's motion was unsupported by any memorandum of law, it violated Local Rule 7.1(a)(2) which requires all motions to include "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion . . . ." Local Civ. R. 7.1(a)(2).

Furthermore, ESDN did not request a pre-motion conference before filing its cross motion. Therefore, ESDN is in violation of the Individual Rules of both District Judge Swain and this Court which require that discovery motions follow Local Civil Rule 37.2. Local Civil Rule 37.2 requires parties to request an "informal conference" with the Court before filing any motion under Rules 26 through 37. Local Civ. R. 37.2.

Additionally, to the extent that ESDN seeks sanctions under Rule 11, ESDN's motion violates Rule 11(c)(2)'s requirement that a motion for sanctions "describe the specific conduct that allegedly violates Rule 11." Fed. R. Civ. P. 11(c)(2). ESDN's motion does not describe any conduct by KGK that allegedly violates Rule 11(b). (Docket No. 44.) ESDN's motion also violates Rule 11(c)(2)'s "safe harbor" requirement that a party filing a motion under Rule 11 serve the motion on the party allegedly in violation of Rule 11 twenty-one days before filing it with the court to allow that party a chance to correct the alleged violation(s). *Id. See Diamonds.net LLC v. Idex Online, Ltd.*, 254 F.R.D. 475, 476 (S.D.N.Y. 2008) (stating that failure to comply with Rule 11's procedural requirements is "fatal" to a motion for sanctions); *O'Callaghan v. Sifre*, 242 F.R.D. 69, 75 (S.D.N.Y. 2007) (denying a motion for sanctions for failure to comply with the "safe harbor" requirement of Rule 11(c)(2)).

Because ESDN's motion fails to comply with the Local Civil Rules of this District, the Individual Practice Rules of District Judge Swain and this Court, and the procedural rules of Rule 11, the motion is **DENIED**.

## IV.   CONCLUSION

For the foregoing reasons, KGK's motion to quash the subpoenas issued against Kay, Jared, JBT, and Le Vian is **DENIED**; KGK's motion for sanctions in the form of attorneys' fees is **GRANTED**; and ESDN's cross motion for sanctions is **DENIED**.

KGK is ordered to submit an affidavit detailing reasonable hours and rates associated with its motion by **April 4, 2014.**

**SO ORDERED this 21st day of March 2014**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge