UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KGK JEWELRY LLC,

           Plaintiff,


      -v-                                 No. 11CV9236-LTS-RLE

ESDNETWORK and STEVE YEKO,

           Defendants.

-------------------------------------------------------x
ACCURATE GRADING QUALITY
ASSURANCE INC., ELECTRONIC SALES
DEALERSHIP NETWORK, INC.,
STEVE YEKO, THE DIAMOND CENTER,
INC.,

           Plaintiffs,


      -v-                                 No. 12CV9130-LTS-RLE

KGK JEWELRY LLC, ALLEN BLOOM,
MARTIN FLYER JEWELRY, LLC,
JOSH KAUFMAN, and SUSAN HECHT

-------------------------------------------------------x


## MEMORANDUM OPINION AND ORDER

        Defendants ESDNetwork ("ESDN") and Steve Yeko ("Yeko") in <u>KGK Jewelry</u>

<u>LLC v. ESDNetwork</u>, 11CV9236-LTS-RLE ("Action I"), and Plaintiffs Accurate Grading

Quality Assurance ("AGQA") and the Diamond Center, Inc. ("Diamond Center") (collectively,

the "Yeko Parties"), in <u>Accurate Grading Quality Assurance Inc., et al. v. Kothari et al.</u>,

12CV9130-LTS-RLE ("Action II") move pursuant to Federal Rule of Civil Procedure 42 to

consolidate Actions I and II.  KGK Jewelry LLC ("KGK"), Plaintiff in Action 1, and Allen

Bloom, Martin Flyer Jewelry LLC, Josh Kaufman and Susan Hecht, Defendants in Action II

(collectively, the "Opposing Parties"),[1] oppose this motion and move to dismiss or stay the causes of action asserted in Action II as untimely raised compulsory counterclaims.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.  The Court has carefully considered the parties' arguments and, for the following reasons, the Yeko Parties' motion to consolidate is denied, and the Opposing Parties' motion to dismiss or stay the Yeko Parties' Action II claims is denied.

BACKGROUND

In light of the extensive prior motion practice in both Actions I and II, the Court presumes the parties' familiarity with the underlying facts, and provides only a brief summary of the relevant background.

These actions arise generally out of the breakdown of business relations between the Yeko Parties and the Opposing Parties under agreements to collaborate on the creation and implementation of jewelry marketing services including, most notably, an "E-Commerce Platform."  On December 16, 2011, KGK filed its initial complaint against Steve Yeko and ESDN in Action I (Action I, Docket Entry No. 1).  ESDN moved to dismiss KGK's second amended complaint on June 18, 2013 (Action I, Docket Entry No. 24), and on January 9, 2013,

---

[1]    Action II originally included additional defendants John Thorpe, Sanjay Khothari, Knud Hostrup, Pradeep Sahoo and KGK Group.  Defendant Thorpe was dismissed from this action pursuant to this Court's September 30, 2014, Memorandum Opinion and Order.  (See Action II, Docket Entry No. 80.) Defendants Khothari, Hostrup and Sahoo were dismissed from this action pursuant to this Court's September 30, 2014, Order to Show Cause.  (See Action II, Docket Entry No. 81.)  Defendant KGK Group was dismissed from this action pursuant to this Court's October 8, 2014, Memo Endorsement of Peter D. Raymond's October 7, 2014, letter.  (See Action II, Docket Entry No. 83.)

this Court issued a Memorandum Opinion and Order granting in part and denying in part

ESDN's motion.  (Action I, Docket Entry No. 34.)  The case has continued to progress and

discovery closed in May 2013.  (Action I, Seventh Amended Pretrial Order, Docket Entry No.

91.)  Though the dispositive motion practice deadline in Action I is currently stayed pending

Magistrate Judge Ellis' determination of KGK's motion for terminating sanctions (Action I,

Docket Entry No. 102), the case stands ready to proceed either to summary judgment motion

practice or trial.

On December 14, 2012, approximately a year after KGK filed Action I, the Yeko

Parties filed their initial complaint against the Opposing Parties in Action II.  (Action II, Docket

Entry No. 1.)  The Opposing Parties filed a motion to dismiss the Yeko Parties' complaint on

October 11, 2013 (Action II, Docket Entry No. 37), and on September 30, 2014, this Court

issued a Memorandum Opinion and Order granting in part and denying in part the Opposing

Parties' motion.  (Action II, Docket Entry No. 80.)  Discovery in Action II is scheduled to close

at the end of March 2015.  (Action II, First Amended Pretrial Scheduling Order, Docket Entry

No. 94.)

On May 16, 2014, while the motion to dismiss in Action II was pending, the Yeko

Parties filed the instant motion to consolidate Actions I and II.  (Action I, Docket Entry No. 75;

Action II, Docket Entry No. 61.)


DISCUSSION

Legal Standard for Consolidation Under Rule 42

Federal Rule of Civil Procedure 42 empowers a court to consolidate actions

involving common questions of law or fact.  See Fed. R. Civ. P. 42(a); see also Blackmoss

Investments, Inc. v. ACA Capital Holdings, Inc, 252 F.R.D. 188, 190 (S.D.N.Y. 2008)

("[c]onsolidation is appropriate where actions before the Court involve common questions of law

or fact.").  The Second Circuit has noted that trial courts have "broad discretion to determine

whether consolidation is appropriate."  Johnson v. Celotex Corp., 899 F.2d. 1281, 1284 (2d Cir.

1990).  "Even if the explicit standards of Rule 42 are met, the decision whether to order

consolidation is discretionary with the court."  Quintel Corp., N.V. v. Citibank, N.A., 100 F.R.D.

695, 697 (S.D.N.Y. 1983).  In deciding whether consolidation is appropriate, "the court must

balance the interest of judicial convenience against any delay, confusion, or prejudice that might

result from such consolidation."  Sheet Metal Contractors Ass'n of Northern New Jersey v. Sheet

Metal Workers' Int'l, 978 F. Supp. 529, 531 (S.D.N.Y. 1997).  Consolidation is warranted where

it promotes "judicial economy," Celotex Corp., 899 F.2d at 1284, and serves to eliminate "the

waste associated with duplicative discovery and multiple trials, and the danger of inconsistent

verdicts."  Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC, 208 F.R.D. 59

(S.D.N.Y. 2002) (internal citations omitted).  Before deciding to consolidate actions, the court

must determine that "the parties will not be prejudiced."  See Kaplan v. Gelfond, 240 F.R.D. 88,

91 (S.D.N.Y. 2007).  To that end, the Second Circuit has instructed courts that "the benefits of

efficiency can never be purchased at the cost of fairness."  Malcolm v. Nat'l Gypsum Co., 995

F.2d 346, 350 (2d Cir. 1993).  "[A]t all times, the burden remains with the moving party to

demonstrate that consolidation is appropriate."  In re Currency Conversion Fee Antitrust

Litigation, 01 MDL No. 1409, 2009 WL 1834351, at *2 (S.D.N.Y. June 18, 2009).


Judicial Economy

The Yeko Parties have not carried their burden of demonstrating that

consolidation of Actions I and II is appropriate.  The Court reaches this conclusion for several reasons.

As an initial matter, the procedural posture of the two actions is markedly different.  Action I is far more advanced than Action II; it has progressed to the point where discovery is closed and it is ripe for either dispositive motion practice or trial.  Courts have routinely denied consolidation motions where there is a stark difference in the procedural posture of the actions, finding that judicial economy would not be served by consolidating two actions at disparate stages of litigation.  See, e.g., Ruane v. County of Suffolk, 923 F. Supp. 2d 454, 461 (E.D.N.Y. 2013) ("judicial economy would not be served through consolidation as these two actions are at different stages of the litigation.  While no discovery has been conducted in this action, discovery has been completed and there is a motion for summary judgment currently pending in the [other] matter."); see also Transeastern Shipping Corp. v. India Supply Mission, 53 F.R.D. 204, 206 (S.D.N.Y. 1971) ("[a]lthough there are common questions of law and fact in the ten cases involved here, their respective calendar positions vary greatly . . .  If the court were to order consolidation now, the cases which were ready for or close to trial would have to be held up pending completion of pretrial in the other cases. Such a result would delay rather than expedite the disposition of those cases which are now prepared for trial.  In such a situation courts have consistently denied consolidation"); In re Currency Conversion Fee Antitrust Litigation, 2009 WL 1834351 (denying consolidation where one case was just beginning discovery and another was nearing the end of the pretrial process).  Consolidating Actions I and II will not serve the purposes of judicial economy, and would prejudice the Opposing Parties by forcing them to delay moving forward with a case that they stand ready to litigate to conclusion.

The Court also credits the Opposing Parties' assertion that this motion appears to

be a tactical maneuver on the part of the Yeko Parties to re-open discovery in Action I following their failure to properly conduct discovery in that action.

Confusion

The Court further finds that the broad sweep of Action II could lead to confusion that might prejudice the Opposing Parties if it were consolidated for trial with Action I. Although both actions arise from the same general set of business relations between the parties, Action I is significantly more streamlined and focuses on a discrete pair of contracts. Action II, despite having been narrowed by this Court's Opinion and Order of September 30, 2014, contains numerous breach of contract claims that are not premised on the contracts at issue in Action I.[2] Many of these claims focus on a fraudulent diamond grading scheme allegedly perpetrated by the Opposing Parties that is distinct from the contract claims at issue in Action I. Allowing the Yeko Parties to present evidence on these claims in a consolidated trial could therefore prejudice the Opposing Parties. Furthermore, courts generally deny consolidation requests when consolidation of disparate claims would muddle the issues before the court or trier of fact. See e.g., Smith v. Everson, No. 06CV0791-SJF, 2007 WL 2294320, at *3 (E.D.N.Y. Aug. 6, 2007) ("in light of the distinct transactions involved in the two cases, the risk of confusion would occur as a result of consolidation . . . Accordingly, consolidation is not appropriate in this case"). Such a possibility exists here, considering the larger range of legal

---

[2] In their opposition brief to the Opposing Parties' Motion to Dismiss in Action II, the Yeko Parties explicitly disclaimed the relevance of the Action I contracts to their Action II claims. (See Action II, Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss, Docket Entry No. 53 at p. 8 ("[h]ere, the Plaintiffs do not contend that the October 2011 letters were contracts, and do not rely on them in any way in support of their claims .")).

and factual issues relevant only to Action II.

The Court notes that the Yeko Parties have asserted that Actions I and II "stem from the same set of inextricably intertwined business transactions" between the parties (See Yeko Parties' Memorandum of Law in Support of Their Motion for Consolidation, Action I, Docket Entry No. 75, at p. 14).  However, the Yeko Parties did not raise their Action II affirmative claims as counterclaims in Action I pursuant to Federal Rule of Civil Procedure 13, and they have offered no explanation for their failure to do so.  See Fed. R. Civ. P. 13(a)(1). This fact further counsels against consolidation of these actions.


Whether the Yeko Parties Failed to Raise Claims as Compulsory Counterclaims

The Opposing Parties further argue that, based upon the Yeko Parties' insistence that Actions I and II are "inextricably intertwined," the Yeko Parties' Action II claims should have been raised as compulsory counterclaims in Action I.  The Opposing Parties assert that these claims are now untimely and must be dismissed or stayed.  They further note that this argument applies with particular force to the affirmative defenses raised by the Yeko Parties in Action I that were transformed into affirmative claims in Action II.  (See Action II, Reply Memorandum of Law in Further Support of the Opposing Parties' Motion to Dismiss, Docket Entry No. 84., at pp. 5-6.)  The Court finds that the Opposing Parties have not demonstrated that the interests of justice require dismissal of the Yeko Parties' Action II claims, and therefore denies the Opposing Parties' motion.

Federal Rule of Civil Procedure 13(a)(1) provides that "[a] pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the

opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."  As previously explained, the Yeko Parties' Action II claims do not "arise[] out of the transaction or occurrence that is the subject matter" of the Opposing Parties' claims; Action I focuses on a discrete pair of contracts between a limited group of parties, while Action II contains a sweeping set of claims asserted against a broad array of defendants. Inconsistent adjudications arising from the two separate actions are therefore not a concern. Furthermore, the Second Circuit has held that a counterclaim is compulsory if a "logical relationship exists between the claim and the counterclaim and [if] the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Critical-Vac Filtration Corp. v. Minuteman Intern., Inc., 233 F.3d 697, 699 (2d Cir. 200).  This is not the case with respect to Actions I and II.  Thus, the Action II claims are not compulsory counterclaims, and the Yeko Parties have not waived them by failing to assert them as counterclaims in Action I.

The Court also notes that two of the Yeko Party Plaintiffs in Action II, AGQA and The Diamond Center, were not defendants in Action I.  It would therefore be unfairly prejudicial to dismiss these parties' claims as untimely compulsory counterclaims.  Since neither AGQA or The Diamond Center were parties to Action I, the Opposing Parties' Rule 13 arguments are inapplicable to them, and their claims should not be dismissed as untimely compulsory counterclaims.  See Mail Boxes Coast to Coast, Inc. v. Dutt, 90CV5488-TPG, 1990 WL 250171, at *1 (S.D.N.Y. Dec. 26, 1990) (internal quotes and citation omitted).

The Yeko Parties also should not be penalized for making the decision to assert their Action II claims in a separate action rather than as counterclaims in Action I.  Federal Rule of Civil Procedure 15(a)(2) provides that "court[s] should freely give [parties] leave [to amend

pleadings] when justice so requires."  The Yeko Parties filed Action II in December 2012, while

discovery for Action I was still ongoing.  In theory, the Yeko Parties might have sought leave to

file an amended answer pursuant to Rule 15(a)(2) in order to assert counterclaims at that time,

which would not have caused the Opposing Parties undue prejudice.[3]  Instead, the Yeko Parties

opted to file Action II a separate case and, in so doing, indicated to the Court that Actions I and

II were related, pursuant to S.D.N.Y. Local Civil Rule 1.6.  The Opposing Parties did not object

to the assertion of the claims in the separate action at that time, and have not demonstrated that

they have suffered, or will suffer, any prejudice from the coexistence of Actions I and II as

parallel cases.  Indeed, as the Yeko Parties point out, the Opposing Parties did not raise their

compulsory counterclaim argument in either of the two motions to dismiss that were filed in

Action II.

     For substantially the same reasons, the Court will not stay the Yeko Parties'

Action II claims.

---

[3]  The Opposing Parties' citation to <u>Shmuel Shmueli, Bashe, Inc. v. Lowenfeld</u>, 68 F. Supp. 2d 161 (E.D.N.Y. 2001) is unavailing.  That case was the second of two actions (brought in two different judicial districts) encompassing parties and claims that the court found to be "virtually identical," clearly distinguishing it from the case at bar.  Furthermore, the plaintiff in <u>Shmuel</u>, who had been the defendant in the first action, had sought leave to amend his answer and assert counterclaims in the first action after discovery had closed.  The court in the first action found that this would have prejudiced the plaintiffs, and therefore denied Shmuel's application for leave to amend.  This provided a basis for the <u>Shmuel</u> court's decision to dismiss the affirmative claims brought in the second action.  No similar prejudice would have existed in this case had the Yeko Parties sought leave to amend their answer and assert counterclaims rather than file affirmative claims as part of a new case.

<u>CONCLUSION</u>

For the foregoing reasons, the Yeko Parties' motion to consolidate Actions I and II is denied.  The Opposing Parties' motion to dismiss or stay the Yeko Parties' Action II claims is denied as well.

This Memorandum Opinion and Order resolves Docket Entry Number 75 in Action I, and Docket Entry Numbers 61 and 67 in Action II.


SO ORDERED.


Dated: New York, New York
       December 24, 2014


            /s/  Laura Taylor Swain
          LAURA TAYLOR SWAIN
          United States District Judge