UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KGK JEWELRY LLC, | : | |
| Plaintiff, | : | **OPINION AND** |
| | : | **ORDER** |
| - against - | : | |
| | : | **11-CV-9236 (LTS)(RLE)** |
| ESDNETWORK, et al., | : | |
| Defendants. | : | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.   INTRODUCTION

Plaintiff KGK Jewelry LLC ("KGK") brings this action for breach of contract, tortious interference of a contract, and unfair competition against Defendants Electronic Sales Dealer Network, Inc. and Steve Yeko, its Chief Executive Officer (collectively, "ESDN"). Defendants issued subpoenas *duces tecum* to four non-party corporations. KGK moved to quash these non-party subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure and for sanctions pursuant to Rule 45, 28 U.S.C. § 1927, and the Court's inherent power. (Doc. No. 40) The Court denied KGK's motion to quash, but granted its motion for sanctions. (Doc. No. 69) KGK now seeks an order granting fees of $51,734.83. (Doc. No. 72) For the reasons set forth below, KGK's application is **GRANTED** in the amount of $10,334.98.

## II.   BACKGROUND

In an Order issued on March 21, 2013, the Court held that ESDN's actions in issuing subpoenas to Kay, Jared, Le Vian, and JBT were taken: (1) entirely without merit; and (2) for the improper purpose of harassment. (Doc. No. 69) The Court determined that the reasons proffered by ESDN in support of the subpoenas did not withstand scrutiny and did not demonstrate

relevance to the current action. (*Id.*) The Court granted KGK's motion for sanctions and directed it to submit an affidavit detailing reasonable hours and rates associated with its motion for sanctions. (*Id.*)

On April 9, 2014, new counsel for ESDN asked the Court for a conference to address the March 21 Order granting KGK's motion for sanctions. (Doc. No. 73) In that letter, ESDN asked for a briefing schedule to file a motion under Fed. R. Civ. P. 60(b) for "relief from any responsibility for paying attorneys' fees ("Rule 60(b) Motion") and, alternatively, to address the amount of fees sought by counsel for KGK." (*Id.*) KGK responded on April 11, 2014, asking the Court not to entertain ESDN's Rule 60(b) motion and to deny its request to more formally challenge KGK's fee request. On July 21, 2014, in response to the Parties' letters, the Court gave ESDN leave to respond to the reasonableness of the hourly rates and hours claimed by KGK. ESDN filed its response on September 4, 2014. (Doc. No. 96)

### III.    DISCUSSION

#### A.    KGK's Requested Attorneys' Fees

A Court may impose sanctions against counsel and against a party and counsel pursuant to the Court's inherent authority to manage the cases before it. 28 U.S.C. § 1927 ("§ 1927"); *see Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (holding that a court's inherent power to sanction is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve orderly and disposition of cases"). Under § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. ESDN's counsel does not challenge KGK's entitlement to

2

attorneys' fees at this stage, but instead focuses on the reasonableness of the request.

In determining the appropriate amount of attorneys' fees to award, the Court must calculate the "presumptively reasonable fee" by multiplying a reasonable hourly rate by the reasonable number of hours worked. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117-18 (2d Cir. 2007), *amended on other grounds*, 522 F.3d 182 (2d Cir. 2008). A "reasonable hourly rate is the rate a paying client would be willing to pay." *McDaniel v. County of Schenectady*, 595 F.3d 411, 414 (2d Cir. 2010). The factors relevant to this determination include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 493 F.3d at 114 n.3 (internal quotation marks omitted). Furthermore, this Circuit has affirmed the "forum rule," whereby a district court will award fees at the going rate in the district in which the court sits. *Simmons*, 575 F.3d at 174. The burden is on the party seeking attorneys' fees to submit sufficient evidence to support the hours worked and the rates claimed. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

## 1. KGK's Counsel's Hourly Rates

KGK's counsel requests an award of fees based on the following hourly rates:

| Peter Raymond | Partner, 30 Years of Experience | $675.00 |
| Geoffrey Young | Associate, 7 Years of Experience | $437.00 |
| Lina Zhou | Associate, 3 Years of Experience | $255.00 |

These rates are reasonable in light of the prominence of counsel's firm, Reed Smith LLP, as well as the attorneys' respective credentials and years of experience. (Doc. No. 72, Ex. B.) Furthermore, as demonstrated by the *National Law Journal's* survey of New York City law firm billing rates in 2013, provided by KGK in its fee application, these rates are on the lower end of range of attorneys' fees charged by large law firms in the local area. (*Id.*, Ex. C.).

ESDN argues that KGK's proffering of New York law firm ranges does not establish that an actual client would pay the fees it requested. This argument fails for two reasons. First, KGK specifically states that the fees it requests are not hypothetical or pending, but are based upon invoices it has already paid. (Doc. No. 72 at 6.) Second, the *Arbor Hill* standard does not enable or require a court to arbitrarily reduce the rate charged by counsel simply because other firms in the relevant practice-area happen to charge less per hour. *See* 493 F.3d at 114 n.3. The proper inquiry is not whether the work could have been done by a firm with lower rates, but whether the rates charged by the firm in question are reasonable in light of the *Arbor Hill* factors. *Id.* The rates charged by KGK's counsel are within the ranges charged by comparable firms and are in line with rates that have been approved and awarded in this District.[1] The respective hourly rates

___

[1] *See Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, No. 10 Civ. 1853(PGG), 2011 WL 1002439, at *5-6 (S.D.N.Y. Mar. 16, 2011) (approving a rate of $761 per hour for partner at Orrick, Herrington & Sutcliffe LLP with 35 years of experience)*; Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs .Ltd.*, 665 F. Supp. 2d 434, 437 (S.D.N.Y. 2009) (approving a rate of $735 an hour for a partner at Bingham McCutchen LLP with over 30 years of experience); *Union of Orthodox Jewish Congregations*, 665 F. Supp. at 437 (approving a rate of $445 an hour for

4

of $675, $437, and $255 are reasonable.

### 2. Hours Expended by KGK's Counsel

KGK's counsel requests an award of fees based on records indicating that a total of 111.6 hours of attorney time were spent addressing ESDN's improper subpoenas: Peter Raymond billed 36.45 of these hours, Geoffrey Young billed 43.45, and Lina Zhou billed 31.70.

"Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). If the court determines that the number of hours expended is excessive, redundant, or otherwise unnecessary, the court may make reductions to individual entries, or elect to account for such over-billing in an across-the-board percentage deduction. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997)(citation omitted). In calculating the numbers of reasonable hours, the court looks to "its own familiarity with the case and its experience with the case as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992).

KGK's counsel worked in opposition to ESDN's improper subpoenas over the course of approximately seven months: from late-December 2012, until mid-July of 2013. (Doc. No. 98-1.) ESDN argues that KGK's fee application should be limited to work completed in furtherance of KGK's motion to quash and motion for sanctions because only these fees were incurred as a result of ESDN's purported bad faith conduct. (Doc. No. 96 at 4.) This Court's March 21 Order

---

an associate at Bingham McCutchen LLP); *Therapy Prods., Inc. v. Bissoon*, No. 07-civ-8696, 2010 WL 2404317 at *5 (S.D.N.Y. Mar. 31, 2010) (accepting rate of $430 an hour for a fourth year associate at Fish & Richardson P.C.as "commensurate with the rates charged by attorneys in New York"); *Therapy Prods.*, 2010 WL 2404317 at *5 (approving a rate of $295 for a second-year associate at Fish & Richardson P.C.); *LV v. New York City Dept. of Educ.*, 700 F. Supp. 2d 510, 520 (S.D.N.Y. 2010) (awarding $225-300 per hour for first, second, and third-year associates at Milbank, Tweed, Hadley & McCloy LLP).

determined that the subpoenas issued by ESDN were meritless and were issued for the purpose

of harassing KGK. (Doc. No. 69) KGK's counsel made good faith efforts to avoid needless fees

and motions on this matter by contacting ESDN shortly after it issued the four subpoenas in

question, but ESDN chose to move forward. (Doc. No. 98 at 2.) KGK's recoverable legal

expenses include the reasonable actions taken by KGK in addressing ESDN's bad faith

"conduct," not simply the expenses related to making a motion to quash. *See Walker v. Smith,*

*277 F. Supp. 2d 297, 301* (S.D.N.Y. 2003) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50

(1991)); *In re Spectee Group Inc.*, 185 B.r. 146, 160, 162 (Bankr. S.D.N.Y. 1995) (ruling that

attorneys' fees incurred attributable to investigating, researching and fighting" the sanctionable

conduct may be awarded under 28 U.S.C. §1927 and the court's inherent powers). Thus, the

temporal scope of KGK's fee application will not be limited to the briefing of its motion to

quash and motion for sanctions, but will include all work reasonably performed in opposition to

ESDN's improper subpoenas.

The question remains, however, whether the hours devoted by KGK's counsel over this

time period were reasonable. A careful review of counsel's billing records indicates that the

hours KGK's counsel expended in opposition to ESDN's improper subpoenas were excessive.

This fee application stems from a fairly simple discovery dispute concerning four improper non-

party subpoenas. Although KGK properly highlights that the legal issues involved in the

subpoena dispute were complicated by a recent change to Rule 45 of the Federal Rules of Civil

Procedure, this complication alone cannot explain the inordinate number of hours contributed to

standard letter motions, legal research, and supporting memoranda, nor can it explain why three

attorneys' time was necessary. (Doc. No. 98 at 4.) Moreover, the Parties did not argue with each

other about the meaning of Rule 45 in their briefs. An expenditure of $51,734.83 in attorneys'

6

fees to address four improperly issued subpoenas, however recalcitrant ESDN may have been in rectifying its prior counsel's conduct, is exorbitant.

Where an applicants' time is "not reasonably necessary to the outcome," the Court should "reduce the time for which compensation is awarded." *Tucker v. City of New York*, 2010 U.S. Dist. LEXIS 30270, \*12-13 (S.D.N.Y. Mar. 9, 2010)(citing *Carey*, 711 F.2d 1136, 1142-43, 1147 (2d Cir. 1983)). The Second Circuit has held that across-the-board percentage reductions are appropriate where a case is overstaffed, "resulting in needless duplication of work and retention of unnecessary personnel." *See Lochren v. County of Suffolk*, 344 Fed. Appx. 706, 709 (2d Cir. 2009). Given the relative simplicity of the underlying dispute and the brief period during which this dispute was ongoing, an across-the-board 80% reduction in the hours expended is fair and reasonable. Accordingly, the following hours will be applied towards the fee award: Raymond: 7.29; Young: 8.69; Zhou: 6.34.

### 3. Adjusted Fee Award

Recalculated using the rates and reduction in hours described above, KGK's motion for an award of attorneys' fees is granted in the amount of $10,334.98.

### 4. Liability for KGK's Attorneys' Fees

Plaintiff KGK Jewelry was formerly represented by Adam Engel of AE Engel & Associates, LLC. Engel was terminated as counsel from this case on April 2, 2014, and Bloomberg, Steinberg & Bader ("Bader") entered the case as new counsel. ESDN now seeks relief from any responsibility to pay attorneys' fees awarded as a result of former counsel's conduct. ESDN contends that it was not aware of Engel's issuance of the improper subpoenas here at issue and that it has not exhibited the "bad faith" required for sanctions to be imposed.

As a matter of law, ESDN cannot distance itself from the actions of its freely-chosen

7

counsel. *See Duffett v. LaHood*, 331 Fed. Appx. 763, 765 (2d Cir. 2009) ("civil litigants are 'held

accountable for the acts and omissions of their chosen counsel'")(quoting *Pioneer Inv. Servs.*

*Co. V. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993)). In the absence of some

indication that ESDN was not aware of or did not authorize Engel's behavior, the presumption

that litigants are responsible for the behavior of their counsel stands. Here, ESDN has provided

no such evidence. The only documentation the Court has received concerning ESDN's

knowledge of the subpoenas comes from KGK and suggests that ESDN did know and approve of

their issuance. (Doc. No. 74) ESDN has made no attempts to clarify or challenge the import of

KGK's submission. ESDN will thus be subject to the sanctions imposed by the Court's March

2014 order and will be held jointly and severally responsible with former counsel Adam Engel

for paying the fees herein awarded.

### 5. Defendant's Motion to Strike

ESDN seeks to strike from the record a letter KGK filed with the Court on September 11,

2014, that included as an exhibit a detailed chart with contemporaneous billing narratives which

KGK had not previously provided the Court. (Doc. No. 99) ESDN argues that this letter,

together with its exhibits, violates this Court's Individual Practice Rules limiting letters to fifteen

pages in length. It further argues that the Court should not consider the detailed chart because it

was first submitted in a reply letter and therefore was "outside the scope" of the Court's

scheduling order.  The page limits in the Court's Individual Practices do not apply to exhibits

which are required in order for the Court to make a determination. In a fee application case, a

strict page limit would be inconsistent with the requirement that the moving party itemize its

expenses and demonstrate those expenses to the Court. Furthermore, there is no basis under the

Federal Rules for disregarding the chart provided by KGK in its September 11 letter simply

because it was first included in a reply letter. ESDN's motion to strike is denied.

## IV.    CONCLUSION

For the foregoing reasons, KGK's  fee application is **GRANTED** in the amount of

$10,334.98 and ESDN's motion to strike is **DENIED**. KGK and its former counsel Adam Engel

will be jointly and severally responsible for paying the fees herein awarded.

**SO ORDERED this 2nd day of March 2015**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

9