**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**KGK JEWELRY LLC,**

                             **Plaintiff,**

             **- against -**

**ESDNETWORK, et al.,**

                         **Defendants.**
_____

**OPINION AND**
**ORDER**

**11-CV-9236 (LTS)(RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.    INTRODUCTION

On December 16, 2011, Plaintiff KGK Jewelry LLC ("KGK") commenced this action for

breach of contract, tortious interference of a contract, and unfair competition against Defendants

Electronic Sales Dealer Network, Inc. and Steve Yeko, its Chief Executive Officer (collectively,

"ESDN").  Although this action was dismissed on January 22, 2015, by stipulation of the Parties,

Plaintiffs request that their motion for sanctions remain open for resolution. (Doc Nos. 107-08)

KGK argues that ESDN's former counsel, Adam Engel, engaged in "egregious discovery

misconduct and bad faith, including the flagrant disobedience of orders issued by this Court"

which deprived KGK of discovery. (Pl. Mem. of Law in Supp. of Mot. for Sanctions ("Pl.

Mem.") at 5.) In its Motion, KGK originally sought: (1) an order striking ESDN's Answer and

entering a default judgment against ESDN; (2) in the alternative, an order precluding ESDN's

use of any information derived from, or testimony by, Steve Yeko or derived from the

documents responsive to KGK's document requests; (3) an award of KGK's attorneys' fees and

costs; and (4) such other relief as might be just and proper. (*Id.*)  Components of KGK's

requested having been rendered moot by dismissal of this action, the Court here addresses only

KGK's motion for attorneys' fees. For the reasons set forth below, KGK's motion for sanctions in the form of attorneys' fees is **GRANTED**.

## II.   BACKGROUND

On March 12, 2013, KGK served ESDN with: (1) its first request for the production of documents; and (2) a notice to take the deposition of Steve Yeko, the principal of ESDN, on April 25, 2013, in New York. (Peter Raymond Decl. in Supp. of Mot. for Sanctions ("Raymond Decl."), Ex. C) ESDN did not respond to the document requests by the April 11, 2013 due date and did not confirm the Yeko deposition. (Raymond Decl. at 4.)

On April 17, 2013, KGK sent ESDN an email to confirm whether ESDN would be producing responsive documents or producing Yeko for his deposition as noticed. (*Id.*, Ex. E) On the same day, KGK received an envelope without a postmark containing ESDN's responses to its requests. (Raymond Decl. at 4.) ESDN objected to each document request. (*Id.*, Ex. D)

On April 19, 2013, ESDN sent KGK an email which stated that an extension of the discovery deadline was necessary, but did not respond to KGK's discovery inquiries. (*Id.*, Ex. E) KGK informed ESDN by email the next day that KGK did not agree to an extension and proposed times for a meet and confer on April 23 or April 24 to resolve ESDN's objections. (*Id.*) ESDN did not respond. (*Id.*)

On April 24, 2013, ESDN informed KGK that Yeko would not be appearing for his deposition scheduled for April 25. (Raymond Decl. at 5.) By letter dated April 26, 2013, KGK asked the Court to schedule a conference at which KGK would seek an order directing ESDN to produce documents in discovery and its principal, Yeko, for a deposition. KGK stated that ESDN had failed to provide any documents responsive to its requests by the April 11, 2013 due date, resting on objections which "lack[ed] the required specificity to enable sufficient

2

consideration." KGK also argued that ESDN had raised meritless objections concerning the location of Yeko's deposition and the propriety of seeking a deposition under Rule 30(b)(1) instead of Rule 30(b)(6).

On May 2, 2013, ESDN asked District Judge Swain to extend the discovery deadline, asserting that no prior requests had been made. (Raymond Decl., Ex. G) In fact, the Court had granted  prior joint requests for discovery extensions on November 28, 2012, and on January 24, 2013. (Doc. Nos. 31, 36)  On May 9, 2013, KGK responded to ESDN's May 2 letter stating that ESDN had served its first set of interrogatories and document requests on May 6, 2013, after the May 2 discovery deadline, despite having received prior discovery extensions. KGK asked that the Court deny ESDN's request for an extension. (Raymond Decl., Ex. G)

On May 23, 2013, the Court held a telephone conference with the Parties, during which the Court denied ESDN's request to extend the discovery deadline, and held that ESDN's discovery requests were untimely. The Court ordered ESDN to respond to KGK's April 26 letter. ESDN responded on May 30, 2013, arguing that KGK's letter was premature and that the Parties intended to meet and confer on June 3, 2013 to "narrow the areas of dispute." ESDN argued that KGK had improperly sought to depose Yeko as a representative of ESDN even though he had been dismissed as a party. ESDN also maintained that the deposition should not take place in New York City because its principal place of business is in Janesville, Wisconsin.

In the months following the May 23 conference the Parties attempted to resolve their discovery disputes through meet and confer sessions. (Raymond Decl. at 6.)  On July 16, 2013, KGK wrote the Court asking for a conference at which KGK would seek an order directing ESDN to produce documents and its principal, Yeko, for a deposition. KGK stated that ESDN had "still failed to produce a single document" and had "refused to provide a date on which it

3

[would] produce Yeko for his duly-noticed deposition." KGK informed the court that during the Parties' meet and confer sessions, ESDN had agreed to produce certain categories of responsive documents by July 5, 2013, but had defaulted on that deadline as well.

The Court held a telephone conference with the Parties on July 25, 2013. During this conference, the Court ordered ESDN to produce the documents that the Parties had agreed were responsive and relevant during their prior meet and confer, by August 9, 2013, and to produce Yeko for deposition within two weeks of that production. The Parties agreed during the conference that the deposition would take place in Wisconsin rather than New York.

On August 1, 2013, KGK emailed ESDN to schedule Yeko's deposition and asked whether he was available on August 15 or August 16. (Ramond Decl., Ex. F) On August 2, 2013, having received a proposal from ESDN that Yeko's deposition be scheduled for August 27, KGK informed ESDN via email that it could not agree to that date given the Court-ordered discovery deadline, and asked again whether Yeko was available on August 15 or 16. (*Id.*) On August 9, having received no response from ESDN, KGK emailed ESDN asking for a response to its proposal of August 15 or 16 for Yeko's deposition. KGK also asked that ESDN confirm how the documents due under the Court's July 25 order would be produced. (*Id.*) ESDN did not respond. (*Id.*)

On August 16, 2013, KGK wrote the court asking for a pre-motion conference at which KGK would seek permission to move for sanctions for ESDN's "extraordinary intransigence, continuing discovery deficiencies and complete disregard for this Court's discovery orders." KGK stated that ESDN had failed to produce responsive documents by the Court's August 9 deadline and had still not produced "a single document" at the time the letter was written. KGK also stated that ESDN had failed to produce Yeko for a deposition as ordered by the Court.

4

ESDN did not respond to KGK's August 16 letter.

On October 22, 2013, the Court contacted counsel for ESDN via telephone. Counsel stated that he never received the August 16 letter, nor the July 16 and April 26 letters that were included as exhibits to the August 16 letter. The Court directed ESDN to get another copy of KGK's August 16 letter, if necessary, and respond. ESDN informed the Court that it would send KGK responsive documents within the next week and would produce its principal, Yeko, for a deposition.

ESDN did not respond to KGK's August 16 letter or otherwise contact the Court. The Court held a telephone conference with the Parties on October 30, 2013. ESDN did not appear. The Court granted KGK leave to move for sanctions. (Doc. No. 53) On October 31, 2013, ESDN stated in an email to KGK that counsel was returning to work after "several days of a serious stomach bug." (Engel Aff., Ex. B) On November 1, 2013, ESDN filed a letter in a related case stating that counsel and his entire family came down with a "debilitating stomach bug" that kept counsel out of the office from October 28 through October 31. (*Id.*, Ex. A)

### III.    DISCUSSION

#### A.    KGK's Motion for Attorneys' Fees

##### 1.    The Standard

The Court may impose sanctions against counsel pursuant to 28 U.S.C. § 1927 ("§ 1927") and against a party and counsel pursuant to the Court's inherent authority to manage the cases before it. *See Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (holding that a court's inherent power to sanction is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of cases").

5

Under § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Bad faith is the touchstone of an award under this statute." *Revson*, 221 F.3d at 79. "Like an award made pursuant to the court's inherent power, and award under § 1927 is proper when the attorney's action are so completely without merit as to require the conclusion that they have been undertaken for some improper purpose such as delay." *Id.* (quoting *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)). Thus, the imposition of sanctions under both § 1927 and the court's inherent powers requires a finding that (1) "the offending party's claims were entirely meritless," and (2) were taken for improper purposes, such as for harassment or delay. *See Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997); *Oliveri*, 803 F.2d at 1272.

"Due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999). The "notice requirement mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense." *Id.*; *accord Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997). An evidentiary hearing is not required. *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 117 (2d Cir. 2000). "The opportunity to respond by brief or oral argument may suffice." *Id.*

**2.      Notice and Opportunity**

ESDN was ordered to appear at the October 30, 2014 telephone conference and did not inform the Court in advance of any reason it could not appear. Because ESDN was given an opportunity to speak with the Court on October 30, and was given an opportunity to file a response to KGK's motion, ESDN had sufficient notice and opportunity to be heard so as to satisfy the requirements of due process.[1]  ESDN had notice of the sources of authority for the motion for sanctions - § 1927 and the Court's inherent supervisory powers - because they were discussed in KGK's brief, and the specific conduct for which sanctions were sought, because it was discussed both in KGK's August 16 letter request for a conference and KGK's motion for sanctions.  (Pl. Mem. at 11-13.)

The Court finds that ESDN's actions in failing to comply with the Court's discovery order on July 25, 2013, and otherwise obstructing discovery were taken (1) entirely without merit and (2) for the improper purpose of delay.

### 3.    ESDN's Failure to Participate in Discovery

KGK's first request for the production of documents was served on March 12, 2013. (Raymond Decl., Ex. C) Discovery in this case was never stayed.  At the time KGK's motion for sanctions was filed, eight months had passed since March and ESDN had been given ample opportunity to produce responsive documents. (Doc. No. 54)  ESDN offers no explanation for its failure to provide KGK with *any* documents throughout the course of discovery; a period of time which was repeatedly lengthened by extensions granted by the Court. ESDN acknowledges that it possessed documents it believed were responsive to KGK's requests and relevant. (Mem. Law Opp'n Pl.'s Mot. Sanctions ("Def. Mem.") at 4.) ESDN's objections to certain of KGK's

---

[1]ESDN filed a response to KGK's motion for sanctions on December 13, 2013. (Doc. No. 63)

requests, and its perception that some of KGK's requests were no longer relevant after District Judge Swain partially granted Defendants' Motion to Dismiss, were not proper grounds for ESDN to refuse to produce even the "tiny subset of documents that might be deemed partially relevant to the three issues remaining in this case." (Def. Mem. at 4.)

ESDN alleges that it first offered to produce documents to KGK on October 4, 2013. Although ESDN claims that it did not ultimately produce these documents because KGK "rebuffed" ESDN's attempts (noting that KGK's email exhibits "omit this exchange") ESDN does not provide any such email exchange among its own supporting exhibits. (Def. Mem. at 4.) Were the Court to take ESDN at its word that this October 4 attempt occurred as described, it would still be faced with a party that made no attempts to produce responsive documents until its opposition filed a letter request for a sanctions conference, seven months after the original requests were served. In the absence of an adequate explanation from ESDN for this significant delay, the Court finds that ESDN's failure to timely produce documents is without merit and appears to have been taken for the improper purpose of delay.

### 4.    ESDN's Failure to Comply with the Court's July 25 Order.

ESDN argues that because "no written order issued from the July 25 conference, and no transcript of it was made available . . . it would be difficult, if not impossible, for the Court to find that any party has run afoul of any order that is "clear and unambiguous. . ." (Def. Mem. at 7.) This argument does not withstand scrutiny. First, an Order from the Court has the same force and effect whether written or oral. Failure to comply with any Order from the Court in any format may result in sanctions. Second, misunderstandings are not at issue here. ESDN makes clear in its briefs that it understood clearly the parameters of the Court's order.

The Parties do not dispute that at the July 25 telephone conference the Court ordered

8

ESDN to produce the documents responsive to KGK's requests by August 9, 2013, and to

produce Yeko for a deposition within the following weeks. (Def. Mem. at 3; Pl. Mem. at 8; Pl.

Reply Mem. at 2) KGK states that it understood the Court's Order to require Yeko's deposition

be taken by August 16. (*Id.*) ESDN states that it understood the Court's Order to require Yeko's

deposition be taken by August 23. (*Id.*) ESDN is correct that the Yeko deposition deadline set by

the Court was, in fact, August 23.

ESDN did not meet the undisputed August 9 deadline for producing documents and

offers no explanation for this failure in its brief. To the extent that the Parties disagreed about the

deadline for taking Yeko's deposition, ESDN failed to comply even with its own understanding

of the Court's order. ESDN did not produce Yeko for a deposition by August 23, and offers no

explanation for this failure in its brief. Instead, ESDN argues that KGK's opposition to the

August 27 deposition date proposed by ESDN amounted to a "rejection" of the deposition. (Def.

Mem. at 3, 5.) Having reviewed the emails between the Parties on this subject, the Court finds no

rejection or refusal to proceed on KGK's part. Furthermore, KGK's unwillingness to agree to a

date that was after the deadline set by the Court (a deadline which ESDN understood clearly) did

not absolve ESDN of the responsibility to comply with the Court's Order.  In the absence of an

adequate explanation from ESDN, the Court finds that ESDN's failure to comply with the

Court's July 25 order is without merit and appears to have been taken for the improper purpose

of delay.

### 5.     ESDN's Failure to Appear at the October 30, 2013 Conference

ESDN was ordered to appear at the October 30, 2014 telephone conference and did not

inform the Court in advance of any reason it could not appear. ESDN represents that during the

week of the Conference, counsel was sick with a "debilitating stomach bug" that kept him away

9

from the office and that he was unaware that the conference had been scheduled. (Def. Mem. at 5.) In support of this assertion, ESDN provides a letter counsel filed in separate case on November 1, 2013, asking District Judge Swain for an extension due to his illness. (Engel Aff., Ex. A) Although counsel should make every effort to stay abreast of conferences with the Court, a failure to appear due to illness is not sanctionable conduct.

### 6.    "Good Faith" Requirement

A moving party may not be awarded fees if the sanctions motion was filed before the party attempted in good faith to obtain discovery without court action. Fed. R. Civ. P. 37(a)(5)(A)(i). ESDN argues that it is "beyond dispute that the Plaintiff has done everything it could to sabotage its own discovery, twice rejecting an opportunity to take Mr. Yeko's deposition and also explicitly rejecting the Defendant's tender of documents." (*Id.*) ESDN's brief in opposition is in fact littered with assertions that "Plaintiffs do not come to this Court with clean hands," (Def. Mem. at 3, 5.), yet its submissions are devoid of corroboration.

The single exhibit ESDN offers in support of its allegations against KGK, an email exchange from August 1 and 2 concerning Yeko's deposition, indicates that ESDN stopped corresponding with KGK after a disagreement over dates arose. (Engel Aff., Ex. C) In the final email in this exchange, KGK states that it cannot agree to a deposition on August 27 as suggested by ESDN, and requests a deposition before the deadline set by the Court. (*Id.*) Although no party should refuse to complete discovery because opposing counsel only suggests dates that are not timely, this email exchange does not establish that KGK made any such "explicit rejections." ESDN did not respond to KGK's last inquiry about scheduling Yeko's deposition. It may not now argue that KGK's hands are "unclean" or that ESDN was absolved of responsibility for completing discovery merely because KGK did not agree to the date ESDN

10

suggested. This email exchange being the only corroboration offered by ESDN to support its

allegations against KGK, the Court finds that ESDN's arguments are meritless. There is no basis

for the Court to find an absence of good faith on KGK's part.

### 7.    Sanctionable Conduct

Under § 1927, ESDN can be required to satisfy the "excess costs, expenses, and

attorneys' fees reasonably incurred because of [its]conduct." 28 U.S.C. § 1927. *See Williams v.*

*Nat'l Hous. Exch. Inc.*, No. 95-CV-1594 (HB), 165 F.R.D. 405 (S.D.N.Y. Mar. 29, 1996)

(finding sanctions and attorneys' fees warranted where Defendants delayed approximately seven

months in answering Plaintiff's interrogatories and document requests).  ESDN's sanctionable

conduct includes its failure to provide documents in discovery for a period of eight months, its

failure to schedule the Yeko deposition for eight months, and its failure to comply with the

Court's July 25 Order. Thus, under 28 U.S.C. § 1927 and under the Court's inherent power,

KGK's motion for sanctions in the form of the attorneys' fees is **GRANTED**.

### IV.    CONCLUSION

For the foregoing reasons, KGK's motion for sanctions in the form of attorneys' fees is

**GRANTED**.

KGK is ordered to submit an affidavit detailing reasonable hours and rates associated

with its motion by **March 23, 2015**. ESDN is ordered to submit any response by **March 30,**

**2015**.

**SO ORDERED this 9th day of March 2015.**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

11