UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KGK JEWELRY LLC, | |
| Plaintiff, | OPINION AND ORDER |
| - against - | 11-CV-9236 (LTS)(RLE) |
| ESDNETWORK, et al., | |
| Defendants. | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On December 16, 2011, Plaintiff KGK Jewelry LLC ("KGK") commenced this action for breach of contract, tortious interference of a contract, and unfair competition against Defendants Electronic Sales Dealer Network, Inc. and Steve Yeko, its Chief Executive Officer (collectively, "ESDN"). Although this action was dismissed on January 22, 2015, by stipulation of the Parties, Plaintiffs requested that their motion for sanctions remain open for resolution. (Doc Nos. 107-08) KGK argued that ESDN's former counsel, Adam Engel, engaged in "egregious discovery misconduct and bad faith, including the flagrant disobedience of orders issued by this Court" which deprived KGK of discovery. (Pl. Mem. of Law in Supp. of Mot. for Sanctions ("Pl. Mem.") at 5.) The Court granted KGK's motion for sanctions in the form of attorneys' fees on March 10, 2015. (Doc. No. 110) KGK submitted its fee application on March 23, 2015, seeking fees in the amount of $28,409.50. (Doc. No. 113) ESDN filed no opposition papers. For the reasons set forth below, KGK's application is **GRANTED** in the amount of $17,045.70.

## II. BACKGROUND

See Opinion and Order dated March 10, 2015. (Doc. No. 110)

### III.   DISCUSSION

#### A.   KGK's Requested Attorneys' Fees

A Court may impose sanctions against counsel and against a party and counsel pursuant to the Court's inherent authority to manage the cases before it. 28 U.S.C. § 1927 ("§ 1927"); *see Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (holding that a court's inherent power to sanction is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve orderly and disposition of cases"). Under § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

In determining the appropriate amount of attorneys' fees to award, the Court must calculate the "presumptively reasonable fee" by multiplying a reasonable hourly rate by the reasonable number of hours worked. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117-18 (2d Cir. 2007), *amended on other grounds*, 522 F.3d 182 (2d Cir. 2008). A "reasonable hourly rate is the rate a paying client would be willing to pay." *McDaniel v. County of Schnectady*, 595 F.3d 411, 414 (2d Cir. 2010). The factors relevant to this determination include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the

nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 493 F.3d at 114 n.3 (internal quotation marks omitted). Furthermore, this Circuit has affirmed the "forum rule," whereby a district court will award fees at the going rate in the district in which the court sits. *Simmons*, 575 F.3d at 174. The burden is on the party seeking attorneys' fees to submit sufficient evidence to support the hours worked and the rates claimed. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

### 1. KGK's Counsel's Hourly Rates

KGK's counsel requests an award of fees based on the following hourly rates:

| Peter Raymond | Partner, 30 Years of Experience | $675.00 |
|---|---|---|
| Geoffrey Young | Associate, 7 Years of Experience | $437.00 |
| Lina Zhou | Associate, 3 Years of Experience | $255.00 |

These rates are reasonable in light of the prominence of counsel's firm, Reed Smith LLP, as well as the attorneys' respective credentials and years of experience. (Doc. No. 72, Ex. B.) Furthermore, as demonstrated by the *National Law Journal's* survey of New York City law firm billing rates in 2013, provided by KGK in its fee application, these rates are on the lower end of range of attorneys' fees charged by large law firms in the local area. (*Id.*, Ex. C.). The rates charged by KGK's counsel are within the ranges charged by comparable firms and are in line with rates that have been approved and awarded in this District.[1] The Court thus finds that the

---

[1] See *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, No. 10 Civ. 1853(PGG), 2011 WL 1002439, at *5-6 (S.D.N.Y. Mar. 16, 2011) (approving a rate of $761 per hour for partner at Orrick, Herrington & Sutcliffe LLP with 35 years of experience); *Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs .Ltd.*, 665 F. Supp. 2d 434, 437 (S.D.N.Y. 2009) (approving a rate of $735 an hour for a partner at Bingham McCutchen LLP with over 30 years of experience); *Union of Orthodox Jewish Congregations*, 665 F. Supp. at 437 (approving a rate of $445 an hour for an associate at Bingham McCutchen LLP); *Therapy Prods., Inc. v. Bissoon*, No. 07-civ-8696, 2010 WL 2404317 at *5 (S.D.N.Y. Mar. 31, 2010) (accepting rate of $430 an hour for a fourth year associate at Fish & Richardson P.C.as "commensurate with the rates charged by attorneys in New York"); *Therapy Prods.*, 2010 WL 2404317 at *5 (approving a rate of $295 for a second-year associate at Fish & Richardson P.C.); *LV v. New York*

3

respective hourly rates of $675, $437, and $255 are reasonable.

## 2. Hours Expended by KGK's Counsel

KGK's counsel requests an award of fees based on records indicating that a total of 61.6 hours of attorney time were spent addressing ESDN's discovery misconduct: Peter Raymond billed 14.75 of these hours, Geoffrey Young billed 35.75, and Lina Zhou billed 11.1.

"Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). If the court determines that the number of hours expended is excessive, redundant, or otherwise unnecessary, the court may make reductions to individual entries, or elect to account for such over-billing in an across-the-board percentage deduction. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 117 (2d Cir. 1997)(citation omitted). In calculating the numbers of reasonable hours, the court looks to "its own familiarity with the case and its experience with the case as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992).

KGK's counsel worked in opposition to ESDN's discovery misconduct over the course of approximately eight months: from mid-March of 2013, until mid-November of the same year. This Court's March 10, 2015 Order determined that ESDN's failures to timely produce documents and comply with the Court's July 25 Order were: 1) without merit, and 2) taken for the improper purpose of delay. (Doc. No. 110) KGK's counsel made good faith efforts to avoid needless fees and motions by corresponding with ESDN throughout the discovery period, but ESDN failed to participate in discovery. (Peter Raymond Decl. in Supp. of Mot. for Sanctions

---

*City Dept. of Educ.*, 700 F. Supp. 2d 510, 520 (S.D.N.Y. 2010) (awarding $225-300 per hour for first, second, and third-year associates at Milbank, Tweed, Hadley & McCloy LLP).

("Raymond Decl.", Ex. E, F)) KGK's recoverable legal expenses include the reasonable actions taken by KGK in addressing ESDN's bad faith "conduct," not simply the expenses related to making a motion to quash. *See Walker v. Smith, 277 F. Supp. 2d 297, 301* (S.D.N.Y. 2003) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991)); *In re Spectee Group Inc.*, 185 B.r. 146, 160, 162 (Bankr. S.D.N.Y. 1995) (ruling that attorneys' fees incurred attributable to investigating, researching and fighting" the sanctionable conduct may be awarded under 28 U.S.C. § 1972 and the court's inherent powers). Thus, the temporal scope of KGK's fee application will not be limited to the briefing of its motion to quash and motion for sanctions, but will include all work reasonably performed in opposition to ESDN's discovery misconduct.

The question remains, however, whether the hours devoted by KGK's counsel over this time period were reasonable. A careful review of counsel's billing records indicates that the hours KGK's counsel expended in opposition to ESDN's discovery misconduct was excessive. This fee application stems from extensive discovery delays on ESDN's part. Although KGK properly highlights that these delays resulted in correspondence and conferences with the Court and opposing counsel, wasted deposition preparation, and the briefing of a sanctions motion, these events alone cannot explain the inordinate number of hours contributed to standard letter motions, legal research, and supporting memoranda; nor can it explain why three attorneys' time was necessary. Moreover, KGK's time records contain several entries reflecting telephone calls with the Court which are either: 1) not reflected in the Court's records, or 2) implausibly lengthy in duration.[2] In spite of KGK's assertion that it has taken steps to "trim its fee request to the time that was essential and necessary to address [ESDN's] discovery violations," (Doc. No. 113 at 7.)

---

[2] Entries dated 10/21/2013, 10/28/2013, 11/26/2013 (Doc. No. 113, Ex. A)

the Court finds that the hours now claimed are exorbitant and unsupported by the record.

Where an applicants' time is "not reasonably necessary to the outcome," the Court should "reduce the time for which compensation is awarded." *Tucker v. City of New York*, 2010 U.S. Dist. LEXIS 30270, *12-13 (S.D.N.Y. Mar. 9, 2010)(citing *Carey*, 711 F.2d 1136, 1142-43, 1147 (2d Cir. 1983)). The Second Circuit has held that across-the-board percentage reductions are appropriate where a case is overstaffed, "resulting in needless duplication of work and retention of unnecessary personnel." *See Lochren v. County of Suffolk*, 344 Fed. Appx. 706, 709 (2d Cir. 2009). Given the straightforward nature of the sanctioned conduct, an across-the-board 40% reduction in the fee request is warranted. The Court therefore finds that an award of $17,045.70 is fair and reasonable for opposing the misconduct in this case.

### 3. Liability for KGK's Attorneys' Fees

Plaintiff KGK Jewelry was formerly represented by Adam Engel of AE Engel & Associates, LLC. Engel was terminated as counsel from this case on April 2, 2014, and Bloomberg, Steinberg & Bader ("Bader") entered the case as new counsel. Although ESDN has not sought relief from the responsibility to pay attorneys' fees awarded as a result of former counsel's conduct, KGK asks that the Court only hold Engel liable for the sanctioned conduct herein. (Doc. No. 114)

As a matter of law, ESDN cannot distance itself from the actions of its freely-chosen counsel. *See Duffett v. LaHood*, 331 Fed. Appx. 763, 765 (2d Cir. 2009) ("civil litigants are 'held accountable for the acts and omissions of their chosen counsel'")(quoting *Pioneer Inv. Servs. Co. V. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993)). In the absence of some indication that ESDN was not aware of or did not authorize Engel's behavior, the presumption that litigants are responsible for the behavior of their counsel stands. Here, ESDN has provided

no such evidence and has made no attempts to challenge joint liability. ESDN will thus be subject to the sanctions imposed by the Court's March 2015 order and will be held jointly and severally responsible with former counsel Adam Engel for paying the fees herein awarded.

## IV.   CONCLUSION

For the foregoing reasons, KGK's fee application is **GRANTED** in the amount of $17,045.70. KGK and its former counsel Adam Engel will be jointly and severally responsible for paying the fees herein awarded.

**SO ORDERED this 6th day of May 2015.**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge